## F. P. ZIMMERMAN v. JOHN D. KNOX.

INSTRUCTIONS, *Not Based on Evidence.* Where instructions are given that
are not based on the evidence or the issues of the case, and which
appear to have probably misled the jury, the judgment will be reversed
and a new trial granted.

### *Error from Shawnee District Court.*

ACTION brought by *F. P. Zimmerman* against *John D.
Knox,* to recover for an alleged false imprisonment. In his
petition the plaintiff states that on February 23, 1882, with
his family, he started by rail from Topeka, Kansas, upon a
journey to the state of California, and when he reached
Garden City, in the western part of the state, he was arrested
by an officer of Ford county, where he then was, and was
compelled by force to leave the train, was taken into custody
by said officer and retained under arrest for twenty-four hours,

at the expiration of which time, by his own exertions, he regained his liberty. He further states that he had been guilty of no criminal offense at or prior to that time; that no criminal proceedings had been instituted against him in the state of Kansas, nor had any civil or criminal process been issued by any court of the county of Ford; but that the defendant procured· his arrest and imprisonment, willfully and maliciously, without any probable cause therefor, and for the sole and only purpose of collecting from the plaintiff a certain demand of the defendant against the plaintiff, upon which no process of arrest was issued from any court, justice, or any officer of the said county of Ford. The plaintiff alleges that he has been put to great expense and trouble because of his arrest and detention, and that he has sustained damages for injury to his character, as well as for pain and mental anguish suffered by him; for all of which he prays damages in the sum of $10,000.

For answer, the defendant filed a general denial. At the June Term, 1883, the cause was tried by a jury; and after the testimony had been concluded, the following among other instructions were given to the jury:

"*Fifth:* The allegation in the petition is, that the plaintiff was arrested at the solicitation and instigation of the defendant, solely for the purpose of collecting a debt. There is no allegation that the plaintiff was arrested under a warrant or process of any kind charging him with any criminal offense. In a civil action, a party may be arrested under certain circumstances: for instance, if you believe from the evidence that the plaintiff was, in February, 1882, indebted to John D. Knox, and that at, about or just before his arrest, he was selling and disposing of his property for the purpose of leaving the state, without making any preparation or provisions for paying this debt or of securing or satisfying it in some way, and that he was doing these things under such circumstances as would lead a man of ordinary caution and prudence to fairly and honestly believe that he was selling and disposing of his property intending to leave the country, and to avoid the payment of his debts — under such circumstances the defendant had the right to cause a warrant to be issued for the arrest and detention of the plaintiff in order to secure the payment of his debt.

It is not alone in criminal cases that a man can be arrested, but there are circumstances under which a man can be arrested, under process in civil actions—one of the character and description I have just given you. Now if you find this was the condition of affairs at the time of the departure of Zimmerman for California, and if you believe that he was acting in such a manner as would cause a man of ordinary prudence and caution to fairly and honestly believe that he was selling his property for the purpose of abandoning the country, and for the purpose of avoiding the payment of his obligations (or debts), and that he was then indebted to the defendant, and under such circumstances Knox caused the plaintiff's arrest, under process lawfully issued for that purpose, then your verdict should be for the defendant; and whether there was any process issued in this case of the kind and character mentioned, in the county of Ford, is a matter for you to determine. The burden of proof rests with the plaintiff to show what the transaction was."

"*Seventh:* But if the plaintiff has failed to satisfy you by a preponderance of the evidence that his arrest by the sheriff of Ford county, or his deputy, was made without legal process authorizing such arrest, then the burden of proof would still be upon him to show that the arrest was made with malice, and without probable cause; because in the absence of proof respecting the authority of the sheriff to make the arrest, the legal presumption would be that he had authority to do so.

"*Eighth:* If the plaintiff has proved to your satisfaction by a preponderance of the evidence that the arrest was made by the sheriff of Ford county, Kansas, or his deputy acting under him, without any process authorizing it, and that the defendant induced the sheriff of that county, or his deputy, to have the plaintiff so arrested and detained, then under such circumstances it would be unlawful, and the law is, that the arrest so made was malicious and without probable cause; but under this theory the burden of proof rests with the plaintiff to show that the arrest was made without such process, and it is for you to determine whether there was any such process issued, or not.

"*Ninth:* In this connection I instruct you that no warrant for the arrest of a party could be issued in a civil action before a justice of the peace to an officer in any county other than the county in which the action is pending; so that in this case your inquiry will be limited to the question as to whether the plaintiff was arrested by the sheriff of Ford county, or his

deputy, under process issued by some competent legal tribunal in that county. Such a warrant could not be issued to the sheriff of Ford county by a justice of the peace in Shawnee county."

"*Eleventh:* Now with respect to the meaning of 'reasonable grounds' or 'probable cause' for arresting or detaining a person charged with or suspected of being guilty of an offense: Reasonable grounds or probable cause in law means such a state of facts known to and influencing the person who made or caused to be made the arrest and detention, as would lead a man of ordinary caution and prudence, acting reasonably and impartially and without prejudice, to entertain an honest belief, or strong suspicion that the person accused is guilty of the matters charged against him. To apply it to this case: If you find from the evidence that at or about the time of the departure of the plaintiff for California, he was indebted to the defendant, and was then engaged in selling and disposing of his property for the purpose of leaving the state, and without making any preparations to pay his debts, and that his actions and conduct were such, under the circumstances, as would lead a man of ordinary caution and prudence to honestly and fairly believe that the plaintiff was so disposing of his property for the purpose of abandoning the state, and for the purpose of cheating and defrauding his creditors by placing his property out of their reach, and that under such circumstances the defendant caused and procured the arrest of the plaintiff upon a process issued by some competent judicial tribunal in the county of Ford to the sheriff of that county, then the defendant would be justifiable, and the plaintiff could not recover in this action. The question of the presence or absence of probable cause for a prosecution or arrest does not depend upon the question of the guilt or innocence of the accused, or upon the fact whether or not an offense has been committed. A person making a complaint against or causing the arrest of another may act upon appearances, and if the apparent facts are such that a discreet and prudent man would be led to believe that the matters charged against the person arrested are true, the person who causes the arrest will be justified, although it turns out in fact that he was deceived and mistaken, and that the accused party was in fact innocent."

"*Fourteenth:* I further instruct you if you find from the evidence that the defendant in causing the plaintiff's arrest was actuated or influenced by malicious motives, and without probable cause, then you may in your discretion assess what

in your judgment would be a reasonable sum as exemplary damages, or 'smart-money.' But if you find from the evidence that the defendant caused the plaintiff's arrest, by the sheriff of Ford county, or his deputy, and that such arrest was made without process authorizing it, but that such arrest was made without malicious motives, and under such circumstances as would induce a person of ordinary prudence to honestly and fairly believe that the plaintiff had sold and disposed of his property and abandoned the country for the purpose of cheating and defrauding his creditors, and particularly the defendant, and that the defendant so honestly believed, and acting on such belief caused the plaintiff to be arrested, then the jury may take these circumstances into consideration in determining the amount of compensatory damages to be awarded the plaintiff; and under such circumstances the plaintiff would not be entitled to recover what is known in law as 'smart-money.'

"*Fifteenth:* If you find from the evidence that the defendant caused the plaintiff to be arrested by the sheriff of Ford county, or his deputy, under process issued by some judge or justice of the peace of that county, and if the plaintiff has failed to satisfy you that such arrest was maliciously made, and made without probable cause, then your verdict must be for the defendant."

The plaintiff excepted to the instructions and each of them. The jury returned a verdict in favor of the plaintiff, assessing his damages at the sum of $15. Of this judgment the plaintiff complains, assigning error in the giving of the instructions, and brings the case to this court.

*Waters & Ensminger*, for plaintiff in error.

*J. P. Greer*, for defendant in error; *G. N. Elliott*, of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action for false imprisonment, in which the plaintiff sued to recover, as compensatory and exemplary damages, the sum of $10,000, and in the trial below obtained a verdict and judgment for $15. It appears that on February 23, 1882, F. P. Zimmerman, who before that time had been a resident of Topeka, Kansas, converted his property into money, and started with his family on a journey

over the Atchison, Topeka & Santa Fé railroad to the state of California. At the time he left Topeka, John D. Knox held an unsettled demand against him for $128. After he had proceeded on his journey a distance of three hundred miles or more, and when the train stopped for a few minutes at Garden City — then in Ford county, Kansas — he was arrested by an officer of that county, at the instigation and under the telegraphic direction of the defendant, John D. Knox. At the time of the arrest the officer informed him that if he paid the $128, due to John D. Knox, and $20 of costs, he would release him. The plaintiff refused to pay the demand. He was then taken from the train by the officer who arrested him, and his family proceeded upon the journey without him. The officer took him into custody, and conveyed him back to the office of the sheriff at Dodge City, where he was held in custody for about twenty-four hours, when he effected his escape, and following his family he finally came up with them at Deming, New Mexico, where they had awaited his coming. It is not claimed that he was guilty of any public offense, and the officer held no warrant or process authorizing him to arrest or to detain Zimmerman. There had been no civil suit instituted against the plaintiff in the county of Ford, and no order of arrest had been issued in any civil action instituted by John D. Knox against the plaintiff in the county of Ford, or elsewhere. Notwithstanding this fact, the court in its general charge instructed the jury at great length upon the law relating to the issuance of an order of arrest against the plaintiff in a civil action. The plaintiff insists that the instructions were irrelevant, misleading, and prejudicial to his interests. In the fifth instruction the court stated to the jury that —

"In a civil action a party may be arrested under certain circumstances: for instance, if you believe from the evidence that the plaintiff was, in February, 1882, indebted to John D. Knox, and that at, or about or just before his arrest, he was selling and disposing of his property for the purpose of leaving the state, without making any preparation or provision for paying his debt or securing or satisfying it in some way, and that he was doing these things under such circumstances as

would lead a man of ordinary caution and prudence to fairly and honestly believe that he was selling and disposing of his property intending to leave the country and to avoid the payment of his debt — under such circumstances the defendant had the right to cause a warrant to be issued for the arrest and detention of the plaintiff in order to secure the payment of his debt. It is not alone in criminal cases that a man can be arrested, but there are circumstances under which a man can be arrested under process in civil actions — one of the character and description I have just given you. Now if you find this was the condition of affairs at the time of the departure of Zimmerman for California, and if you believe that he was acting in such a manner as would cause a man of ordinary prudence and caution to fairly and honestly believe that he was selling his property for the purpose of abandoning the country, and for the purpose of avoiding the payment of his obligations (or debts,) and that he was then indebted to the defendant, and under such circumstances Knox caused the plaintiff's arrest under process lawfully issued for that purpose, then your verdict should be for the defendant; and whether there was any process issued in this case of the kind and character mentioned, in the county of Ford, is a matter for you to determine. The burden of proof rests with the plaintiff to show what the transaction was."

This instruction was wholly inapplicable under the testimony, and we think erroneous. We have searched the record in vain to find any testimony which tends in any degree to show that John D. Knox had begun any suit, civil or criminal, in Ford county, against the defendant; and there is no pretense on the part of the defendant that any such suit had been instituted, nor that any order of arrest had been issued in any case against the plaintiff. The officer acted alone under the telegraphic communication admitted to have been sent by John D. Knox, directing the arrest and detention of the plaintiff; and it was conceded that whatever proceedings were had in his arrest were for the purpose of enabling the collection of the money due from the plaintiff Zimmerman to Knox. Under these facts the imprisonment was illegal. The only material question left in dispute for the consideration of the jury, was the

*Instruction, not based on evidence; new trial.*

amount of damages for which the defendant was liable. The defendant had not alleged anything in justification, but had simply filed a general denial. No testimony was offered in justification or mitigation of the arrest, except that which may have tended to show that the plaintiff had sold his property, or was about to remove it out of the state, and to dispose of it with the intent to defraud his creditors; but if this fact had been established, it would have afforded no justification for the arrest and detention of the plaintiff in the manner stated. The court, however, by the instructions which it gave, directed the attention of the jury to these facts, assuming thereby that testimony had been offered tending to show justification of the wrongful imprisonment, and in this way diverted the attention of the jury from the real issues in the case. This direction was emphasized and repeated again and again in five of the subsequent instructions embraced in the charge, thus making it appear to be a proper and the leading question in the case.

Again, in the latter part of the fifth instruction, after telling the jury what would constitute a justification of the arrest and imprisonment, the court advises them that "the burden of proof rests with the plaintiff to show what the transaction was." This was erroneous, in the connection in which it was used. It having been shown that the plaintiff was arrested and imprisoned at the instance of the defendant without process, and for the purpose of collecting a debt, the burden of proof was shifted and rested upon the defendant to show a justification or mitigation of the imprisonment. The charge was a lengthy one, and we think it was largely impertinent and improper. It is true that the giving of an instruction upon an abstract proposition of law, and which is irrelevant to the issues in the case, is not reversible error, unless it may be fairly inferred that the jury were misled thereby. But it appears quite probable that the inapplicable instructions here given influenced the jury to the prejudice of the plaintiff. When we come to look at the verdict in connection with the testimony, the amount assessed by the jury is singularly small,

and we can only account for the same on the theory that the instructions of the court confused and misled the jury. Having found in favor of the plaintiff as they might well do, under the facts in this case, he was at least entitled to the actual damages which he may have suffered in consequence of the imprisonment. These include all expenses reasonably incurred in procuring a discharge from the illegal imprisonment, the loss of time, the interruption of business, and any bodily or mental suffering which the imprisonment may have occasioned. The jury awarded him but $15, which was the amount the plaintiff was required to pay as extra railroad fare alone, in order to reach his family, as the ticket purchased by him was only good upon the train from which he had been taken. As heretofore stated, he was arrested in the presence of his family, as well as many others who were in the car with him, taken into the custody of an officer, conveyed back a distance of about sixty miles, and there held in custody for twenty-four hours, while his wife and children were carried westward among strangers without his care and protection. For the time lost, the interruption of the journey, and the expenses, beyond the extra railroad fare, incurred in reaching his family, as well as those incurred by his family while waiting for his return at Deming, together with any suffering, bodily or mental, which the imprisonment may have caused him, there was no allowance by the jury. We are inclined to think that the charge of the court misled the jury, and the judgment must therefore be reversed, and a new trial granted.

All the Justices concurring.