No. 39,476

F. L. Novascone, d. b. a. Wichita Builders Supply Co., *Appellee,*
v. C. M. Knott, *Appellant.*

(276 P. 2d 332)

Opinion filed November 13, 1954.

*Earl C. Moore,* of Wichita, argued the cause and was on the brief for the appellant.

*John H. Gerety,* of Wichita, argued the cause, and *Sidney L. Foulston, Enos E. Hook,* and *Sidney L. Foulston, Jr.,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action against a partnership to recover for goods, wares and merchandise purchased from the plaintiff.

In the petition it was alleged that the defendants were partners doing business as Stangle & Knott, and at their instance and request and prior to February 6, 1952, the plaintiff furnished them goods, wares and merchandise at the reasonable and agreed value of $1,095.96 and that a statement of the account was attached to the petition as exhibit "A." The abstract does not include the exhibit nor does it disclose the items purchased nor the dates of purchase.

Defendant Knott first filed a verified answer denying the allegations of petition, but later he filed a verified amended answer alleging that on January 28, 1950, Stangle & Knott were engaged in a joint venture wherein Stangle was to buy lumber and materials and resell the same to the Stangle-Knott joint venture, the money from the joint venture being paid to Stangle as a dealer who bought lumber and supplies on his own account; that any material purchased by Stangle from plaintiff was in his own name for resale and not for the account of Stangle & Knott, and that all items purchased from plaintiff were purchased by Stangle, charged to him personally and that plaintiff did not know Knott, nor rely on any knowledge of Knott for credit. Knott further alleged that the joint venture was dissolved on August 29, 1950; that all accounts unpaid to plaintiff were incurred after the dissolution of the joint venture; that all invoices on which the action was based were charged to Stangle from February 23, 1950, to November 21, 1950, and at no time was any credit extended to Knott. Other allegations are amplifications of those set forth.

Plaintiff filed a verified reply which need not be detailed.

The abstract does not disclose that defendant Stangle filed any answer or other pleading.

A trial was had and the issues of fact submitted to a jury which returned a verdict for plaintiff. The verdict is not included in the abstract and we are not advised as to its form or terms. Defendant Knott filed his motion for a new trial. In due time the trial court overruled the motion for a new trial, sustained plaintiff's motion for judgment on the verdict and rendered judgment on the verdict in favor of the plaintiff against the defendant Knott for the amount sued for and interest and costs.

In due time the defendant Knott perfected his appeal to this court, specifying as error the matters hereafter discussed.

Appellant first complains of instructions to the jury. He specifically objected to instruction No. 7, the first part of which advised the jury it was not to consider whether or not Stangle had any liability for the reason he had been discharged in bankruptcy proceedings under the laws of the United States. Appellant states and appellee concedes that there was no testimony on the subject. Appellant argues that an irrelevant instruction, although correct as an abstract question of law, is erroneous if it contains matters which might mislead the jury under the facts of the particular case (*U. P. Rly Co. v. Fray*, 31 Kan. 739, 3 Pac. 550), and that where instructions are given which are not based on the evidence or the issues in the case, and which appear to have misled the jury, the judgment should be reversed and a new trial granted (*Zimmerman v. Knox*, 34 Kan. 245, 8 Pac. 104). Many other cases on the point may be found in West's Kan. Dig., Trial, § 250, *et seq.*, and Hatcher's Kan. Dig., Trial, § 204, *et seq.* Although the abstract is silent thereon, at oral argument in this court it was stated by counsel for appellee and admitted by counsel for appellant that on their *voir dire* examination prospective jurors were asked whether the fact Stangle may have been discharged in bankruptcy would affect their verdict. In view of the fact the answer admitted a partnership of the nature pleaded and the examination brought bankruptcy before the jurors, the giving of the instruction was to inform the jury that such bankruptcy was not to be considered. Under such circumstances the instruction was admonitory and we are not in a position to say that, although not based on any evidence formally introduced at the trial, it contained any matter which might have or possibly did mislead the jury, or that the instruction was prejudicial.

Appellant also contends that the trial court erred in refusing to give four instructions to the jury, as requested in writing by him, all pertaining to the liability of the partners for the debts of the partnership, and the effects of dissolution of the partnership. No purpose will be served by setting out the instructions requested, nor the instructions which the trial court did give. They have received our careful attention. Our examination shows that although differently phrased, the substance of the requested instructions was contained in the instructions given and the jury was properly advised as to the law applicable to the case.

Appellant's specification that the trial court erred in refusing to transfer the case to another court, pertains to a motion to transfer the trial to another division of the same court. On oral argument this contention was abandoned by appellant and needs no attention.

Appellant contends that the trial court erred in refusing to admit certain evidence offered by him. Appellee objects to any review for the reason that the evidence was not produced on the hearing of the motion for a new trial as required by G. S. 1949, 60-3004. Insofar as any oral testimony is concerned the objection is good. A part of the evidence, however, was documentary and consisted of a series of checks all drawn by appellant, some being payable to defendant Stangle and some to persons not parties to the action. None of these checks were payable to appellee and there was no proof or attempt to prove that appellee was aware of any course of dealing that appellant had with defendant Stangle or such third person. Objection was made by appellee that such evidence did not tend to prove or disprove any issue in the case, which objection was sustained. Appellant's argument is that his answer put in issue the method in which he did business with defendant Stangle and that he was entitled to have the checks admitted in evidence to show that method. Any difficulties there may have been between appellant and defendant Stangle in their partnership or in any other course of dealing between them, and whether appellant or Stangle had paid accounts to third persons were far beyond the issue in this case. Summarized the issue was whether appellee furnished building materials to the partnership of Stangle & Knott upon the credit of the partnership and had not been paid therefor. The checks in question did not tend to prove or disprove that issue and appellant's contention of error cannot be sustained.

Appellant's last contention is that the verdict is contrary to the evidence and in support he directs our attention to isolated testimony tending to show that appellee was not aware of any partnership relation between appellant and Stangle, and that the materials furnished were to Stangle individually and not to the partnership. So isolated, and other testimony ignored, the contention would appear sound. However, the matter is not to be resolved in such manner. The fact that there was a partnership from January 28, 1950, to August 29, 1950, and that it was dissolved on the latter date was admitted by the amended answer which also showed that the materials for which recovery was sought were furnished between

February 23, 1950, and November 21, 1950; the testimony showed that Stangle introduced Knott to appellee's manager and said that they were partners and that appellant made no denial. It was undisputed that after the partnership was dissolved on August 28, 1950, no notice of that fact was given to appellee or his manager. The weight of all the testimony was for the jury and its verdict, if supported by substantial competent evidence is conclusive and will not be disturbed on appellate review (*Emery v. Graber,* 176 Kan. 17, 268 P. 2d 950). The mere fact that some of the evidence tended to support the appellant's defense does not mean and is not to be interpreted in such manner that it may be said the verdict of the jury was contrary to the evidence.

Generally speaking this was a fact case and the jury accepted the appellee's version of the facts. No prejudicial error in the rulings of the trial court has been made to appear and its judgment is affirmed.