MARY GIBNEY *vs*. CHARLES D. LEWIS.

Third Judicial District, Bridgeport, October Term, 1896. ANDREWS, C. J.,
    TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

The defendant, a policeman, subscribed in blank the return on a warrant
    of arrest, which contained a recital that the signer had served the sub-
    poena attached to the warrant, on the witnesses named therein. The
    plaintiff's name appeared in the subpœna, but she was not in fact sum-
    moned as a witness until her arrest on a *capias*, issued because of her
    failure to appear. In a suit for damages the defendant offered to show
    that it was customary in his city for the policeman making the arrest
    on a warrant, to sign the return, although another officer served the sub-
    poena attached to the warrant and referred to in such return. *Held*
    that this evidence was irrelevant to the issue of negligence, and was
    properly excluded.

If the negligence complained of is not gross or wanton, it is error to instruct
    the jury that they may award not only actual damages, but also such
    expenses as the plaintiff may have been put to in maintaining the suit;
    such expenses can be allowed only where the jury are authorized to
    give exemplary damages.

While mental suffering alone does not, as a general rule, constitute a cause
    of action, it may be an element of damage where it is the natural and
    proximate consequence of a recognized cause of action.

[Argued October 28th—decided December 1st, 1896.]

ACTION to recover damages for the defendant's false return
of service of a subpœna upon the plaintiff, and her consequent
arrest on a *capias*, brought to the Superior Court in New
Haven County and tried to the jury before *Shumway, J.;*
verdict and judgment for the plaintiff for $150, and appeal
by the defendant for alleged errors in the rulings and charge
of the court. *Error and new trial ordered.* The defendant·
also filed a motion for a new trial for a verdict against evi-
dence. *Motion denied.*

The case is sufficiently stated in the opinion.

*Frank S. Fay*, for the appellant (defendant).

The court erred in instructing the jury that they might
include in plaintiff's damages the expenses of conducting
her suit. *St. Peter's Church* v. *Beach*, 26 Conn. 367 ; *Welch*

v. *Durand*, 36 id. 185; *Mason* v. *Hawes*, 52 id. 12; *Platt* v. *Brown*, 30 id. 337; *Wilson* v. *Granby*, 47 id. 75.   Mental suffering is not an element of damages, unless there is a malicious motive.   *Wilson* v. *Young*, 31 Wis. 574–581; *Blake* v. *Midland Ry. Co.*, 18 Q. B. 93, 10 Eng. L. & Eq. 427; Sedg. on Dam. 33.

*Richard Gleeson*, for the appellee (plaintiff).

No error was committed by the court in excluding the question as to what was the custom or usage in Meriden in reference to signing returns of warrants and subpœnas.   Such custom had no bearing upon the question of negligence.   A custom to do a wrong thing can never be a justification of such thing.   *Hinckley* v. *Barnstable*, 109 Mass. 126; 16 Amer. & Eng. Ency. of Law, 462; *Hill* v. *Portland*, 55 Me. 438; Deering on Neg., § 9.   Evidence is admissible, in enhancement of damages, that the plaintiff suffered great anxiety and distress of mind.   *Swift* v. *Dickerman*, 31 Conn. 285.   As regards the claim that the defendant might have been made liable for punitive damages, the amount of the verdict is sufcient indication that they did not consider any such ground. Independently of that fact, the act of the defendant in signing, as he admitted he did, a blank return to a court, which was to be filled in by some one else whom he did not know, without having himself served the process, was as a matter of law the grossest kind of negligence.   Shear. and Red. on Neg. § 739.   The plaintiff was justly entitled to recover the expenses of her suit.   3 Sedg. on Dam. (8th Ed.) § 1263; *Bennett* v. *Gibbons*, 55 Conn. 452; *Welch* v. *Durand*, 36 id. 184.

TORRANCE, J.   This case comes before this court by a motion for a verdict against evidence, under Chap. 51 of the Public Acts of 1893, and also by way of appeal for the revision of certain claimed errors set forth in the reasons of appeal.   One of these errors relates to the charge of the court upon the question of damages, and as we are of opinion, for the reasons hereinafter given, that for this error a

new trial must be granted, it will not be necessary to consider the questions raised upon the motion, nor to notice all the errors assigned upon the appeal.

The facts bearing upon the questions to be considered are, in substance, the following: The complaint charges that the defendant, as a police officer, signed a false return upon a warrant to which was attached a subpœna, therein alleging that he had duly served said subpœna on the plaintiff, when in fact no such service had been made; that in consequence of said false return a *capias* had been duly issued for the arrest of the plaintiff for failure to obey said subpœna; that she had been arrested upon said *capias*, taken to the police station and detained there for some time; and that by reason of said arrest she had been deprived of her liberty for a time, and had endured much mental suffering.

. On the trial of the case it was admitted that the plaintiff had been arrested on a *capias* issued by the Police Court of the city of Meriden, for failure to appear as a witness in a certain case in said court, and was obliged to go to police head-quarters to get discharged, and was there detained about an hour. It was also admitted that she had not been summoned as a witness in said case previous to her arrest on the *capias*.

The plaintiff offered evidence to prove and claimed to have proved, that her arrest upon the *capias* was caused by reason of a false return signed by the defendant, upon a warrant issued for the arrest of one Ryan, which return, so far as it relates to the service of the subpœna attached to said warrant, reads as follows: " And I duly served the within subpœna by reading the same to the within named witnesses, and to their acceptance." This return the plaintiff laid in evidence. The plaintiff's name appeared in the subpœna.

The defendant offered evidence to prove and claimed to have proved, in substance, that he, in company with another police officer, had arrested Ryan on said warrant; that after the arrest, in obedience to the direction of his superior officer, the defendant signed the return laid in evidence, in blank, and handed the warrant back to his superior, stating to him

that the return was incomplete, and that no witnesses had been summoned; that the defendant never saw the subpœna attached to said warrant, and it was never given him to serve; that he did not know that the plaintiff's name was in the subpœna till long after her arrest on the *capias;* that he did not return said warrant to court, and that he knew nothing of the *capias* till after it was issued and had nothing whatever to do with the issuing of it.  The plaintiff offered no evidence to contradict this testimony.

The complaint does not allege that the defendant, in doing what it says he did, intended to injure the plaintiff, or that he acted maliciously, or from improper motives, or that his negligence was gross or wanton; and upon the trial the plaintiff made no claim of this kind, and the judge in his charge treats the case as one of ordinary negligence.  Notwithstanding this however, and probably through mere inadvertence, the judge instructed the jury, if they came to the question of damages, that they might take into consideration not only the actual damages sustained by the plaintiff, including the injury to her feeling, but also "such expense as she may have been put to, to conduct her cause;" and thus in effect told the jury that even if they found that the negligence of the defendant was not gross or wanton, still they were at liberty to award exemplary damages; for the expenses of the suit belong to the class of exemplary damages, and can only be awarded in cases where the jury are empowered to give such damages; *St. Peter's Church* v. *Beach*, 26 Conn. 355; and the jury were not told that they must find the negligence to have been gross or wanton, before they could award exemplary damages.

Under the circumstance disclosed by the record, the case does not appear to be one calling for an award of exemplary damages.  In cases brought to recover damages for negligence, it is only where the negligence is gross or wanton that exemplary damages can be awarded; that is, in cases where the conduct causing the injury clearly shows that reckless indifference to the rights of others which is equivalent to an intentional and wanton violation of those rights.

*St. Peter's Church* v. *Beach, supra;* *Welch* v. *Durand,* 36 Conn. 182, 185; *Mason* v. *Hawes,* 52 id. 12.

But the plaintiff claims that it is for the jury to determine whether the negligence was gross or wanton, or not. Conceding this to be so, it still remains true that the defendant, at the very least, was entitled to have the jury told that they could not award exemplary damages unless they found gross or wanton negligence, and this was not done. The court erred in this regard, and for this reason a new trial must be granted.

One or two of the other claimed errors assigned will be briefly noticed. The defendant offered evidence to prove " that it was the custom in Meriden of the officer making the arrest on a warrant, to sign the return, although a different officer served the subpœna attached thereto." The court excluded the testimony and the defendant excepted. This ruling was correct. The question was whether the defendant had been guilty of negligence in signing the return, under the circumstances of this case. The excluded evidence was irrelevant upon this precise question, and so far as we can see it was offered only as bearing upon that question.

The plaintiff was allowed to prove, against the objection of the defendant, that she suffered mentally on account of the arrest. This ruling was also correct. It is true, as a general rule, that mental suffering alone does not constitute a cause of action; but it may be an element of damages when it is a natural and proximate consequence of some recognized cause of action. In many actions of tort mental suffering is recognized as the ordinary natural and proximate consequence of the wrong complained of, and in such cases, if properly alleged, may be proved as an element of actual damage. This is so in actions of slander and libel, seduction, breach of promise of marriage, false imprisonment and cases of like nature. *Swift* v. *Dickerman,* 31 Conn. 285; *Canning* v. *Williamstown,* 1 Cush. 451; *Ballou* v. *Farnum,* 11 Allen, 73; *Vogel* v. *McAuliffe,* (R. I.) 31 Atl. Rep. 1; *Larson* v. *Chase,* 47 Minn. 307. We think the case at bar comes within the class of cases where mental suffering, properly

alleged, as here, may be proved. These two are the only other assignments of error we deem it necessary to notice.

The motion for a new trial is denied ; but upon the appeal there is error, and a new trial is ordered.

In this opinion the other judges concurred.