been made upon him that it shall be done, and he is. not guilty of a contempt of court until after that demand has been. refused or neglected. No such proof was made before the judge when this order to show cause was granted, and it could not be made, because at that time no demand had been made for the performance of the order to deliver the property, and the defendant had not then refused to deliver it. The case then had not arisen in which the judge was authorized to make an order to show cause, and that order was irregular, and for that reason this motion should have been denied.

The order to show cause why a party should not be punished for contempt can never be made until the contempt has been committed. The order to show cause here was, therefore, premature, and the order adjudging the defendant in contempt should be reversed, with $10 costs and disbursements, and the motion should be denied, with $10 costs. All concur.

---

(23 App. Div. 141.)

### JONES v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 28, 1897.)

ELEMENT OF DAMAGE—FRIGHT.

    While no right of action can be based upon an injury resulting from pure fright occasioned by an accident, yet, if there is also present the essential element of physical injury from which the jury are authorized to say that the damage resulted, then the presence of fear as a concomitant element does not destroy the right of action, but may be considered as an element of damage.

    Bartlett, J., dissenting.

Appeal from trial term.

Action by Annie A. Jones against the Brooklyn Heights Railroad Company. From a judgment on a verdict of a jury, and from an order denying a new trial, defendant appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Thomas S. Moore, for appellant.

James D. Bell, for respondent.

HATCH, J. The plaintiff testified that the globe which fell struck her upon the temple, and exploded with a loud report. The metal part then fell, striking her upon the abdomen with sufficient force to cause the flesh to become discolored. Respecting the latter injury the plaintiff was corroborated by a witness to whom she exhibited her person three days after the injury, who testified to the existence at that time of a large bruise upon the abdomen. It was undisputed that the globe fell and inflicted a bruise upon the temple. The claim that there was injury to the abdomen is denied. The appellant supports this claim by the testimony of the physician who was called to attend the plaintiff upon the day of the injury. He testified that he examined her person, and the only injury he found or observed was upon the temple. It is further insisted that the globe which fell was a small incandescent light, composed of thin glass, and a small

metal band; that, considering its character, and the distance it fell, it was entirely insufficient to inflict the injury upon the abdomen claimed to have been sustained. Upon this theory the appellant deduces the conclusion that there was no sufficient injury to occasion the miscarriage which followed, and that it must, therefore, necessarily have been the result of fright, for which no liability of the defendant was created. We do not think that this contention can be sustained. It is undisputed that an injury was received; that the plaintiff, at the time of its reception, was five months advanced in pregnancy; that she was immediately taken ill, was confined to the house, and for the most time to the bed, resulting in a miscarriage three weeks thereafter. The physician who attended her testified that the cause of the miscarriage was shock produced by the injury. It was also testified by another physician who saw the plaintiff shortly after the injury that she was then suffering from shock, and that a shock would proceed from a blow. Aside, therefore, from the claimed injury to the abdomen, there was sufficient evidence upon which the jury could find that the fall of the globe, and consequent injury to the temple, produced a shock resulting in the miscarriage. The case does not, therefore, fall within the doctrine of Mitchell v. Railway Co., 151 N. Y. 107, 45 N. E. 354. In that case there was no physical injury, and no physical contact with the person of the plaintiff. Such injury as was sustained arose solely from fright. The court held that mere fright, disassociated from physical injury, would not create a cause of action. The court so charged in the present case. An injury, however, sufficiently severe to produce a shock, or which in fact produces a shock, presents an entirely different question. Shock is not fright. The latter may be a producing cause of the former, and where it is the sole producing cause there can be no recovery; but when it is associated with actual injury it may be considered, and where the injury and the fright concur, and result in producing shock, out of which arises damage, it is sufficient upon which to base a recovery. In Quinn v. Railroad Co., 34 Hun, 331, the plaintiff was caught under the wreck in a railroad accident. The court charged the jury:

"When the plaintiff was * * * confined between the engine and the car, * * * any danger of death, or anything of that kind then impending over him, undoubtedly increased his suffering, his mental agony, if not his physical pain; and he is entitled to compensation for that, not because he might have been killed,—that not having occurred,—but you can take into consideration his situation at that time, how painful, how trying it was. That is an element of damages, and he is entitled to compensation for that."

This charge was held to be a correct exposition of the law, and the decision was affirmed upon appeal. 105 N. Y. 643, 13 N. E. 925. The court upon the affirmance wrote no opinion, but the point that mental pain, anxiety, and fear could not be considered as an element of damage was made in terms by the appellant, and the court necessarily passed upon the question. See bound volume 672, Court of Appeals Cases, in the Brooklyn Law Library. In the present case, as we have observed, there was present the essential element of physical injury from which the jury were authorized to say that damage resulted, and

the presence of fear as a concomitant element does not destroy the right of action, but may be considered as an element of damage. We arrive, therefore, at the conclusion that a recovery was authorized. But we are also of opinion that the damages are excessive, and should be reduced to the sum of $1,800.

The exceptions require no extended consideration. It was within the province of a correct examination to inquire if a blow upon the abdomen would produce a miscarriage. It is so proper as a preliminary to inquiry and application of the facts of the particular blow, its force, and attendant circumstances. The fact that the inquiry was not followed up by either party does not make it error, as the question was proper. · We are not able to see that the defendant was prejudiced by the cross-examination of the conductor. No affirmative evidence was produced, and we do not think that it was so far improper as to make it reversible error.

The judgment should be modified by reducing the recovery as above suggested, and, as modified, it should be affirmed, without costs to either party in this court. All concur, except BARTLETT, J., who dissents solely on the question of reduction.