## LOFINK v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

NEGLIGENCE—FRIGHT—RECOVERY.

Fright may be considered as an element of damage in an action for injuries, where it was accompanied by actual physical shock.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 100.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Elsie Lofink, an infant, by Conrad Lofink, her guardian ad litem, against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Sidney Smith (G. T. Goldthwaite, on the brief), for appellant.
Herman Gottlieb, for respondent.

WILLARD BARTLETT, J. The injuries for which the Municipal Court has awarded damages to the infant plaintiff (a child four years of age) in the sum of $100 were sustained in a collision between two railroad trains of the defendant corporation running in the same direction.

The only ground upon which the judgment is attacked in this court is that such injuries were proven to be solely the effects of fright, and hence were not of such a character as to authorize the award of pecuniary damages. See Mitchell v. Rochester Railway Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604. In the case cited there was no immediate personal injury—no physical impact or exercise of force upon the body of the plaintiff. In the case at bar the collision threw the plaintiff from her seat forward against the glass at the side of the car, and then to the floor between the seats, from which she was picked up, crying and screaming, by a fellow passenger. The medical evidence, and the testimony in reference to the child's exclamations indicative of bodily pain, fully justify the inference that an abnormal nervous condition, partly manifested by "night terrors," was produced in the plaintiff by the physical shock which she suffered in consequence of the collision, and the right to recover for such injuries

inflicted by the negligence of the defendant cannot seriously be questioned. Fright may properly be considered as an element of damage· when it is associated with actual bodily injury. Jones v. Brooklyn Heights Railroad Co., 23 App. Div. 141, 48 N. Y. Supp. 914. The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except HOOKER, J., not voting.