ELSIE LOFINK, an Infant, by CONRAD LOFINK, her Guardian ad
Litem, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY,
Appellant.

*Fright as a basis for damages in an action for negligence.*

Where, in an action brought to recover damages for personal injuries sustained
by the plaintiff, a child four years of age, in consequence of a collision between
two railroad trains operated by the defendant corporation, it appeared that the
collision threw the plaintiff from her seat forward against the glass at the side
of the car and then to the floor between the seats from which she was picked
up crying and screaming by a fellow-passenger, and the medical evidence and
the testimony in reference to the child's exclamations indicative of bodily pain
fully justified the inference that an abnormal nervous condition partly mani-
fested by " night terrors " was produced in the plaintiff by the physical shock
which she suffered in consequence of the collision, the Appellate Division con-
sidered that the injuries were not solely the effect of fright and that the plain-
tiff was entitled to recover for such injuries.

Fright may properly be considered as an element of damages when it is associated
with actual bodily injuries.

APPEAL by the defendant, the Interborough Rapid Transit Com-
pany, from a judgment of the Municipal Court of the city of New
York, borough of The Bronx, in favor of the plaintiff, entered on
the 22d day of August, 1904, upon the decision of the court award-
ing the plaintiff $100 damages in an action for negligence.

*Sidney Smith* [*G. T. Goldthwaite* with him on the brief], for
the appellant.

*Herman Gottlieb,* for the respondent.

WILLARD BARTLETT, J. :

The injuries, for which the Municipal Court has awarded dam-
ages to the infant plaintiff (a child four years of age) in the sum of
$100, were sustained in a collision between two railroad trains of
the defendant corporation running in the same direction.

The only ground upon which the judgment is attacked in this
court is that such injuries were proven to be solely the effects of
fright, and hence were not of such a character as to authorize the
award of pecuniary damages. (See *Mitchell* v. *Rochester Railway
Co.,* 151 N. Y. 107.)

In the case cited there was no immediate personal injury — no physical impact or exercise of force upon the body of the plaintiff. In the case at bar the collision threw the plaintiff from her seat forward against the glass at the side of the car, and then to the floor between the seats, from which she was picked up crying and scream-ing by a fellow-passenger. The medical evidence and the testimony in reference to the child's exclamations indicative of bodily pain fully justify the inference that an abnormal nervous condition, partly manifested by "night terrors," was produced in the plaintiff by the physical shock which she suffered in consequence of the col-lision; and the right to recover for such injuries inflicted by the negligence of the defendant cannot seriously be questioned. Fright may properly be considered as an element of damage when it is associated with actual bodily injury. (*Jones* v. *Brooklyn Heights Railroad Co.*, 23 App. Div. 141.)

The judgment should be affirmed.

JENKS, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Judgment of the Municipal Court affirmed, with costs.