No other errors are urged which require consideration.

The judgment should be affirmed.

DOWLING, SMITH, PAGE and MERRELL, JJ., concurred.

Judgment affirmed.

---

ETHEL MUNDY, Appellant, *v.* LEVY BROTHERS REALTY COMPANY, Respondent.

Second Department, June 7, 1918.

Landlord and tenant — negligence — injury caused by fall of door down elevator shaft — erroneous dismissal of complaint — erroneous charge — injuries not caused solely by fright — fact that fright attended injury does not bar recovery — res ipsa loquitur — reduction of verdict which exceeds jurisdiction of court — practice — appeal from order setting aside verdict — power of Appellate Division to reinstate verdict — indecorous matter in brief — damages.

Where a door weighing about one hundred and fifty pounds fell down the elevator shaft of an apartment house owned by the defendant with the result that the plaintiff, a resident, who was standing by the shaft on the first floor, received a shock so that she fell and was injured, it was error to dismiss the complaint on the theory that the defendant was not liable because the plaintiff's injuries were caused by fright, if in fact there was evidence that her fall was the result of the physical disturbance

of her support caused by the fall of the door. This, because while the plaintiff is not entitled to recover for fright or for physical ailments caused by fright, she may recover for physical injuries to her person which were the natural, immediate result of the defendant's negligence.

Hence, under the circumstances it was error for the court to charge that the plaintiff could not recover if fright caused her to fall.

Although a trial judge takes a verdict and afterwards sets it aside and dismisses the complaint the Appellate Division will not necessarily reinstate the verdict if the dismissal was error. On an appeal from an order setting aside the verdict the additional questions are presented as to whether the verdict is against the weight of evidence, and whether it is excessive or insufficient, as the case may be.

The fall of the elevator door, under the circumstances aforesaid, is *prima facie* proof of the defendant's negligence within the doctrine of *res ipsa loquitur*.

Although the jury rendered a verdict in excess of the jurisdiction of the County Court, where the case was tried, the plaintiff may stipulate to reduce the verdict to the proper amount.

Evidence examined, and *held*, that the verdict was not excessive in view of plaintiff's injuries.

It is an affront upon this court to include in a brief quotations from the stenographer's minutes of a former trial and comments thereon so as to incorporate reflections upon opposing counsel based on matters outside the record.

· APPEAL by the plaintiff, Ethel Mundy, from an order of the County Court of Kings county, entered in the office of the clerk of said county on the 13th day of December, 1917, setting aside the verdict of a jury in her favor for $2,500, and also from a judgment of said court entered in said clerk's office on the 5th day of January, 1918, dismissing her complaint at the close of the case.

Stipulation was made consenting to the reduction of said verdict to $2,000.

*Robert P. Beyer* [*Edward Snyder* with him on the brief], for the appellant.

*Alfred W. Andrews*, for the respondent.

BLACKMAR, J.:

On May 5, 1915, the plaintiff, who resided in an apartment house owned by the defendant, was in the hall on the ground floor, standing on the lower steps of the stairs, with one hand

resting on the elevator shaft, waiting for the elevator, when a door to the shaft, weighing about 150 pounds, fell from the fifth floor to the bottom of the shaft. The fall of the elevator, with the resulting noise, vibration and jar, caused plaintiff to lose her balance and fall, thereby receiving the injuries of which she complains.

When plaintiff rested at the trial, and again at the close of the testimony, defendant moved to dismiss the complaint on the ground that no negligence on the part of defendant had been shown and that plaintiff's injuries were caused by fright alone. The learned judge who presided reserved his decision without objection by either party, and submitted the case to the jury. He charged, in substance, that if plaintiff's fall and consequent injuries were the result of fright she could not recover, but if her fall was caused by the shaking of the stairs, due to the negligence of defendant, she could. The jury found for plaintiff, assessing the damages at $2,500. On motion by defendant the verdict was set aside, and the motion to dismiss the complaint, the decision of which had been reserved, was granted. From this order setting aside the verdict and from the judgment entered on the dismissal of the complaint, the plaintiff appeals to this court.

The first question presented is whether it was error to dismiss the complaint. In deciding this we must, under a familiar rule of law, take that view of the evidence most favorable to the plaintiff. The court did not declare upon what theory the complaint was dismissed; but as the inference of negligence on the part of the defendant and freedom from contributory negligence on the part of the plaintiff flowed naturally from the facts established by undisputed evidence, it must have been on the theory that plaintiff's injuries were caused by fright, for which the defendant was not responsible, under the doctrine of *Mitchell* v. *Rochester Railway Co.* (151 N. Y. 107) and *Hack* v. *Dady* (142 App. Div. 510). But not only was there testimony by plaintiff that her fall was the result of the physical disturbance of her support, caused by the fall of the door, but we think the case did not fall within the doctrine of the cited cases, but rather within that of *Cohn* v. *Ansonia Realty Co.* (162 App. Div. 791) and *Wood* v. *N. Y. C. & H. R. R. R. Co.* (83 id. 604; affd., 179 N. Y. 557).

In both the *Mitchell* and the *Hack* cases there was fright caused by the negligence of the defendant, without any accompanying physical injury. In both cases the plaintiff was a woman and the fright was followed by miscarriage. In the *Mitchell* case, where the doctrine is enunciated and laid down, it is limited to cases " where there is no immediate personal injury." But in the present case there was immediate personal injury. Obviously the fall of the elevator door caused the injury; and the *Cohn* and *Wood Cases* (*supra*) are authority that the chain of cause and effect is not broken because one link in the chain is the present effect upon the mind and nerves of the plaintiff without trespass on her person. In the *Cohn* case the plaintiff was so frightened at seeing her children in an elevator, ascending with no operator and both doors open, that she fell into the shaft, and the court said: " For fright alone, unconnected with physical injury, it is true that no recovery can be had, but when the fright results in an actual physical injury a different rule prevails." The claim of the plaintiff is not to recover damages for fright or physical ailments due to fright, but for the physical injuries to her person which were the natural immediate result of defendant's negligence. No case is presented for a charge to the jury that if fright caused the plaintiff to fall she cannot recover. As the evidence was sufficient to sustain a finding that defendant was negligent, plaintiff free from contributory negligence, and that defendant's negligence caused injury to plaintiff's person, the complaint should not have been dismissed.

The learned trial judge took the verdict and then set it aside and dismissed the complaint in an effort to create a condition where a final decision might be reached by reinstating the verdict if, on appeal to this court, it should be decided that the dismissal was error. The result does not necessarily follow. On an appeal from a judgment of nonsuit, the question is whether there is evidence which should have been submitted to the jury. On an appeal from an order setting aside the verdict the additional questions are presented whether the verdict is against the weight of evidence and whether it is excessive or insufficient as the case may be. We have decided that the dismissal of the complaint was error, and the judgment must necessarily be reversed. There

still remains the order setting aside the verdict. Because the judgment is reversed, it does not necessarily follow that the verdict must be reinstated. In this case we think the verdict was not against the weight of evidence. Nothing, perhaps, need be added to what we have already said. The case falls plainly within the doctrine of *res ipsa loquitur,* and no explanation of the fall of the door consistent with the exercise of care was presented; the plaintiff was unquestionably free from contributory negligence; the causal relation between the defendant's negligence and plaintiff's injuries was established if plaintiff's testimony be believed; and her credibility was for the jury. There remains nothing but the question of damages. The verdict of the jury was in excess of the jurisdiction of the court, but the plaintiff has filed a stipulation reducing it to the proper amount. We see no reason why this cannot be done. The plaintiff suffered a sprain or bruise of the shoulder; she was kept in bed for three days; she went to the country for rest and stayed about six weeks; she testified that ever since the accident she suffered with a pain in her spine. Her physician, who attended her after the accident, did not remember whether she complained of an injury to her spine, but a Doctor Gallagher, who examined her two years after the accident, testified that she had a fractured coccyx. We cannot say that the damages awarded were excessive, and, therefore, think that the order setting aside the verdict should be reversed, and the verdict reinstated.

Before closing, we think that notice should be taken of the brief filed by respondent. It contains passages which are indecorous, as it improperly travels outside the record with quotations from the stenographer's minutes of the former trial and comments thereon. It is an affront to this court to assume that its judgment will be affected by reflections on opposing counsel, based on matters outside the record. A counsel's duty to his own client should lead him to moderation, fairness to his adversary and respect to the tribunal to which his brief is submitted, for these qualities, and not their opposite, meet the approval of the court.

The judgment of the County Court of Kings county and the order setting aside the verdict should be reversed, the verdict as reduced by the stipulation reinstated and judgment

thereon directed for plaintiff, with costs and the costs of this appeal.

Present — JENKS, P. J., THOMAS, MILLS, PUTNAM and BLACKMAR, JJ.

Judgment and order of the County Court of Kings county setting aside the verdict reversed; the verdict, as reduced by the stipulation, reinstated, and judgment unanimously directed for plaintiff, with costs and the costs of this appeal.