Bella Sider, Appellant, v. Reid Ice Cream Company, Respondent.

Supreme Court, Appellate Term, Second Department, July 1, 1925.

Negligence — action for damages arising from illness suffered by reason of plaintiff's eating charlotte russe containing cockroaches — plaintiff claimed sight of foreign substance and knowledge it was in food, some of which plaintiff had eaten, made her ill — recovery may be had both for physical injuries and fright producing illness if negligence be shown — judgment for defendant reversed.

Where there is a physical injury caused by the negligent act of another, attended by fright or mental distress producing illness, a recovery may be had, both for the physical injury and the results of the fright.

Accordingly, a judgment for the defendant, in an action for damages arising from illness suffered by reason of the presence of cockroaches in charlotte russe which plaintiff ate, causing her to become nauseated and making her ill, should be reversed, where the evidence justified a finding that plaintiff's physical condition was brought about solely by the sight of the foreign substance in the food and the knowledge that it was there and that she had eaten some of the charlotte russe.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, Seventh District.

*Irving B. Feinberg,* for the appellant.

*William A. Moore,* for the respondent.

Per Curiam:

Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellant to abide the event.

The evidence would have justified a finding that the presence of the cockroaches in the charlotte russe which plaintiff was eating caused her to be nauseated and made ill. The proof, however, would not justify a finding that the plaintiff ate any portion of the foreign substance or that the portion of the charlotte russe which she ate was made impure or unhealthful by reason of the roaches being in the portion of it that was not eaten. A finding would have basis in the proof that plaintiff's physical condition was brought about by the sight of the foreign substance in the food and the knowledge that it was there and that she had eaten some of the charlotte russe. It is claimed that under these circumstances plaintiff cannot recover because it is said to be a general rule that damages may not be recovered for mere fright or physical conditions resulting therefrom. This is the rule announced in *Mitchell* v. *Rochester Railway Co.* (151 N. Y. 107). In that case, through defendant's negligence, plaintiff suffered fright with resulting physical conditions, but the defendant did not directly cause any physical injury. The same rule has been followed in a case

where there was a physical contact, which, however, produced no hurt itself. (*Spade* v. *Lynn & Boston R. R. Co.*, 168 Mass. 285.) Where, however, there is a physical injury caused by the negligent act of the defendant, and also fright producing illness, recovery may be had both for the physical injury and the results of the fright. (*Jones* v. *Brooklyn Heights R. R. Co.*, 23 App. Div. 141.) If fright, produced by defendant's negligence, causes one to lose his balance and thus become physically injured, the defendant is liable. (*Cohn* v. *Ansonia Realty Co.*, 162 App. Div. 791. See, also, *Mundy* v. *Levy Bros. Realty Co.*, 184 App. Div. 467; *Wood* v. *N. Y. Central & Hudson River R. R. Co.*, 83 id. 604.) Where an act is willful, recovery may be had for mental distress and physical conditions attending it or caused thereby, although there was no direct physical injury. (*Garrison* v. *Sun Printing & Publishing Assn.*, 207 N. Y. 1; *Boyce* v. *Greeley Square Hotel Co.*, 228 id. 106.) There seems to be no reason for the rule announced in the *Mitchell* case. It is said that the rule was adopted as one of public policy, or as one of necessity to avoid the perpetration of fraud. Whatever may have been the prevailing conditions when this rule was announced, there is now no need of it on the score of public policy or necessity. The rule has not been applied in a case like the one under consideration, where a foreign substance was contained in a food that was served by defendant. (*Barrington* v. *Hotel Astor*, 184 App. Div. 317.) There a portion of the foreign substance had been eaten, but the opinion indicates that that caused no injury — the physical condition of plaintiff evidently being caused solely by the sight of it and the knowledge that it was in the food. We think this whole subject should receive the further consideration of the appellate courts.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.