DAVID JONES *vs.* FRANK V. DAMTOFT ET AL. (DAMTOFT AND SON).

Third Judicial District, Bridgeport, April Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 11th—decided June 13th, 1929.

*John V. Donnelly,* for the appellant (plaintiff).

*Lorin W. Willis,* with whom was *George N. Foster,* for the appellees (defendants).

HAINES, J.  At the close of the evidence the defendants made a motion for a directed verdict which was granted and the jury rendered a defendants' verdict by direction of the court.  A motion to set aside the verdict was denied.  The appeal is based upon the claim that the court erred in both rulings, and all the evidence is printed and in the record before us.

The complaint alleges that the plaintiff's wife, on

the 24th of March, 1928, left at the drug store of the defendants a physician's prescription for medicine for the plaintiff who was then and for many weeks had been, suffering from acute inflammatory rheumatism complicated by inflammation of the heart, but whose condition on the day in question had greatly improved; that the prescription was filled by the defendants, and on the 26th the plaintiff began the use of the medicine, and on the 28th, after the consumption of a substantial portion of what the bottle contained, pieces of broken glass were discovered in the bottom of the bottle, which proved to be minute chips and flakes of glass in considerable quantity; that particles of glass had apparently been taken by the plaintiff causing considerable irritation in his throat; that the discovery and the possibility that the plaintiff had swallowed a considerable quantity of the broken glass, caused a nervous shock to the plaintiff and a return of the inflammatory conditions in all their previous seriousness; that as a result he suffered great pain and mental anguish, was delayed many weeks in returning to his employment entailing loss of wages and expense for medical treatment and supplies. It was alleged that all these results were caused solely by the negligence of the defendants.

The plaintiff-appellant claims the evidence presents a situation for the application of the doctrine of *res ipsa loquitur*, and that the case should have been presented to the jury with appropriate instructions, rather than to direct a defendants' verdict; and further that the verdict should have been set aside for this and the further reason that the law entitled the plaintiff to damages where he had suffered physical injury proximately resulting from fright and nervous shock caused by the negligence of the defendants. It is explicitly claimed that the case is not based upon

the fear, fright and mental disturbance caused by the discovery of the glass, but upon the physical injury resulting, and that for this the plaintiff is entitled to damages. We consider the last proposition first, for, if the law does not entitle the plaintiff to damages on the proof of physical injury resulting from fright and shock, then both rulings of the court were legally harmless to the plaintiff. The plaintiff says the negligence of the defendants caused the fright and nervous shock which in turn caused physical injury to the plaintiff and that the evidence thus satisfies the legal requirement of proximate causation as defined by this court in *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 270, 67 Atl. 888: "That only is a proximate cause of an event, juridically considered, which, in a natural sequence, unbroken by any new and intervening cause, produces that event, and without which that event would not have occurred."

The plaintiff's claim goes further, to the effect that the negligence of the defendants not only resulted in fright, but actually produced a direct physical injury by glass scratching and irritating the plaintiff's throat. We are satisfied that the evidence would not have justified the jury in so finding and we must consider the question as one presenting only fright and shock as the primary result of the glass being found in the bottle. Before we can reach the ultimate question of defendants' liability we must further consider whether the evidence would reasonably have justified the jury in finding that a physical injury proximately resulted from the fright and shock, that, as the plaintiff claimed, the fright and shock caused a relapse and the return of the rheumatic and inflammatory conditions from which he had theretofore largely recovered. This was obviously a medical question. The

only medical evidence in the record is that of Dr. Apsel, the plaintiff's regular physician, called by the plaintiff, and of Dr. Patterson, who examined the plaintiff in the presence of Dr. Apsel at the plaintiff's home on the 23d of April and who was put on the stand by the defendants. Nowhere does Dr. Apsel say that the plaintiff's fright and shock caused or could have caused the return of the symptoms of rheumatic fever. On the contrary, he testified that he had had a large number of cases of rheumatic fever and that recurrences frequently happened. Dr. Patterson was asked if it were possible that the recurrence of rheumatic fever might result from a scare, to which he replied, "I don't think so," and asked whether in twenty-one years of practice, he had ever known such a result, he replied, "No, sir." We are obliged to hold that the evidence of record nowhere furnishes ground for a reasonable conclusion that the fright caused the plaintiff's relapse and physical injury which he claims, and the proximate relation of the claimed negligence of the defendants to the physical injury or relapse was not established by the evidence.

The question presented by this record is thus reduced to the simple one, whether recovery can be had for negligence resulting in fright or shock without physical injury. We are not asked to consider this question, for the plaintiff claims damages only on the ground that he suffered resulting physical injury and says "this is not an action for damages for fear, fright or other mental disturbance, for which, standing alone, it is admitted there can be no recovery." This result also renders it unnecessary to consider the further question, whether the doctrine of *res ipsa loquitur* applied or whether the defendants could, reasonably,

upon the evidence have been found guilty of negligence.

There is no error.

In this opinion the other judges concurred.