MINNIE BLOCK *vs.* GIULIA PASCUCCI ET AL.

First Judicial District, Hartford, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 15th—decided March 3d, 1930.

*DeLancey S. Pelgrift,* for the appellants (defendants).

*Reuben Taylor,* for the appellee (plaintiff).

HINMAN, J.  The defendant Luigi Pascucci, operating an open automobile as the agent of his wife Giulia, the owner, left it standing on Barbour Street, in Hartford, at a point nearly opposite the plaintiff's store, and went into the apartment of a Mrs. Trembley.  While he was absent a child of Mrs. Trembley, about three years old, was observed in a bending position in the front of the car, and soon thereafter the car backed across the street and crashed through a plate-glass window into the plaintiff's store, with disastrous consequences to the window, merchandise displayed therein, and adjacent stock and fixtures, and with personal effects upon the plaintiff as hereinafter stated.  The child was seen to leave the automobile an instant before it struck the window.  Barbour Street is practically level at the point in question.

The trial court found that Pascucci, being in a hurry,

left the car unattended and unoccupied, with the engine running, and without setting any brakes so as to prevent the car from moving or being moved, or locking it in any way, and that the child could not have manipulated the brakes but may have interfered with some of the mechanism. The appellant seeks to eliminate this finding, and to substitute one that the automobile was left with the engine shut off and so that it could not have moved from its position in the highway of its own accord. There was direct testimony that the engine was running before the car started across the street and this, with other evidence and the physical facts and proper inferences therefrom, especially considering the age and capabilities of the child, is sufficient to preclude the desired substitution, and to support the finding made. Upon this finding, the conclusion of negligence was warranted.

The appellants claim, further, that even if the defendants be held negligent, such negligence was not the proximate cause of the plaintiff's damage. It is too clear to require discussion that negligence of the defendant driver in leaving the automobile unattended, with motor running, unbraked and unlocked, on a business street, was " 'a substantial factor in producing the damage complained of,' " notwithstanding possible intervention of an innocent act of the small child, which would have been prevented by reasonable care and precautions by the defendant driver. Such negligence, therefore, might reasonably be held a proximate cause of the incursion of the automobile into the plaintiff's store and of the resulting damages. *Mahoney* v. *Beatman,* 110 Conn. 184, 195, 147 Atl. 762; *Lombardi* v. *Wallad,* 98 Conn. 510, 120 Atl. 291.

The defendant, on the trial, made the claim of law that "the plaintiff was not entitled to recover for fright or nervous shock, in the absence of any contact with or

injury to her person by the automobile of the defendant either directly or indirectly," and assigns as error the overruling of this claim. Where fright or other mental anguish or shock accompanies an injury to the person, recovery therefor, and for the physical consequences resulting is allowed. *Bushnell* v. *Bushnell*, 103 Conn. 583, 594, 131 Atl. 432; *St. Martin* v. *New York, N. H. & H. R. Co.*, 89 Conn. 405, 408, 94 Atl. 279; *Seger* v. *Barkhamsted*, 22 Conn. 290, 298; 17 Corpus Juris, p. 838. Whether damages may be recovered for mental suffering due to fright or shock unaccompanied by impact or other element of actual physical damage, or for physical results consequent upon fright, only, has not been determined in this State.

This question is the subject of pronounced conflict of authority. 1 Sutherland on Damages (4th Ed.) § 22; Burdick's Law of Torts (4th Ed.) ¶ 51; 8 R. C. L. p. 525, § 80. Many jurisdictions, including Massachusetts, New York, Illinois, New Jersey, Ohio and Pennsylvania, deny recovery in such cases, although it is usually allowed for the physical consequences of fright if there is also a contemporaneous physical injury, even though the latter be slight or comparatively insignificant. 11 A. L. R. 1119, 1128; 40 A. L. R. 983, 984. Another very considerable line of cases holds that there may be recovery for the physical effects of fright, although unaccompanied by physical injury, the States in which this doctrine is accepted including Rhode Island (*Simone* v. *Rhode Island Co.*, 28 R. I. 186, 66 Atl. 202), New Hampshire (*Kenney* v. *Wong Len* [1925] 81 N. H. 427, 128 Atl. 343), Nebraska, Maryland, Minnesota, Alabama and Wisconsin. See 11 A. L. R. 1134; 40 A. L. R. 970, 985.

However, the situation presented by the facts found in the case before us does not require a determination as to which of these conflicting views should be adopt-

ed. The finding states that, while the defendants' automobile did not strike the plaintiff, upon hearing the crash of its entrance through the window of her store and seeing its sudden appearance, she fainted and fell to the floor, and that she suffered pain in her hands and shoulders for some time thereafter, suffered from fright and nervous shock, was confined to her bed and required medical attention and treatment, "all as a result of her fright and fall to the floor." Even in jurisdictions which deny recovery for the physical consequences of fright without contemporaneous physical injury, recovery has been allowed upon analogous states of fact.

Massachusetts is an early and consistent adherent of the doctrine of nonrecovery on account of fright alone, and *Spade* v. *Lynn & Boston R. Co.*, 168 Mass. 285, 38 L. R. A. 512, 60 Am. St. Rep. 393, 47 N. E. 88, 2 Am. Neg. Rep. 566, is a leading case in support thereof. *Conley* v. *United Drug Co.*, 218 Mass. 238, 105 N. E. 975, was an action for injuries by an explosion in the basement of a building, on the first floor of which the plaintiff was employed. The plaintiff did not recall that she was struck by anything or thrown down, but she fainted, and subsequent physical examination showed tenderness and some discolorations. The court held (p. 240) that "if, as the defendant contends, the physical injuries which the plaintiff received were due to her falling upon the floor when by reason of fright she fainted and became unconscious, still we are of the opinion that the rule adopted in *Spade* v. *Lynn & Boston R. Co.* does not apply. We think that if the effect of the excitement and fright under which the plaintiff labored was to cause her to faint and fall to the floor and thereby sustain physical injuries, she would not be barred from recovery. The distinction between the case at bar and the *Spade* case lies in the fact that in

that case, unlike the present case, there was no evidence of physical injury."

In New York, *Mitchell* v. *Rochester Ry. Co.*, 151 N. Y. 107, 110, 34 L. R. A. 781, 56 Am. St. Rep. 604, 45 N. E. 354, 1 Am. Neg. Rep. 121, held that no recovery can be had for injuries sustained by fright occasioned by the negligence of another, where there is no immediate personal injury. In *Cohn* v. *Ansonia Realty Co.*, 162 N. Y. App. Div. 791, 148 N. Y. Supp. 39, a mother saw her children ascending in an elevator, negligently left open and without an operator, in an apartment house in which she was living, and was so overcome with fright at the sight that she fainted and fell into the elevator shaft. She was held to be entitled to recover for her injury. "For fright alone, unconnected with physical injury, it is true that no recovery can be had, but, when the fright results in an actual physical injury, a different rule prevails." (p. 40, N. Y. Supp.) A like result was reached in *Mundy* v. *Levy Brothers Realty Co.*, 184 N. Y. App. Div. 467, 170 N. Y. Supp. 994, where an occupant of an apartment house, while waiting for an elevator, was so frightened by the fall of an elevator door down the shaft, and the resulting noise, vibration and jar, that she lost her balance and fell, receiving injuries for which she sought damages. "Obviously the fall of the elevator door caused the injury; . . . the chain of cause and effect is not broken because one link in the chain is the present effect upon the mind and nerves of the plaintiff, without trespass on her person." (p. 995, N. Y. Supp.)

Other cases less closely analogous to the one before us involve the same principles, but the foregoing are sufficient to indicate that in the jurisdictions adhering most closely to the doctrine of nonrecovery for fright unaccompanied by physical injury the plaintiff would be accorded recovery upon the facts here found.

The claim was advanced in *Jones* v. *Damtoft,* 109 Conn. 350, 146 Atl. 490, that damage was recoverable for physical injury to the plaintiff caused by fright and nervous shock which was, in turn, caused by defendant's negligence, but this question was not decided, as it was held that there was no ground for a conclusion of a proximate relation between the fright and the claimed physical injury. The record in the present case is not lacking in this respect. On the facts found, the negligence of the defendants was not only, as we have seen, a proximate cause of the trespass of the automobile, but was, further, a substantial factor in producing both the plaintiff's fright and fall and her consequent injury. *Mahoney* v. *Beatman, supra.*

The damages resulting from physical injuries, and from mental or nervous troubles or disturbances, with the attendant bodily effects attributable to fright, are usually incapable of separation, as a practical matter of proof, and recovery may be had for both, even though the injuries from physical contact are slight or relatively insignificant as compared with the consequences of the fright. *Kisiel* v. *Holyoke Street Ry. Co.,* 240 Mass. 29, 132 N. E. 622; *Sider* v. *Reid Ice Cream Co.,* 125 Misc. 835, 211 N. Y. Supp. 583; *Homans* v. *Boston Elevated Ry. Co.,* 180 Mass. 456, 62 N. E. 737; *Hack* v. *Dady,* 142 N. Y. App. Div. 510, 127 N. Y. Supp. 22; *Jones* v. *Brooklyn Heights R. Co.,* 23 N. Y. App. Div. 141, 48 N. Y. Supp. 914; *Porter* v. *Delaware L. & W. R. Co.,* 73 N. J. L. 405, 63 Atl. 860.

Judgment for the plaintiff for damages for personal injuries as well as property damage was warranted in law. No question is made as to the amount awarded therefor.

There is no error.

In this opinion the other judges concurred.