MICHAEL J. MALONEY, Appellant, v. KNICKERBOCKER ICE COMPANY, Respondent.

First Department, April 11, 1930.

*Charles D. Lewis* of counsel [*Thomas J. O' Neill*, attorney], for the appellant.

*Theodore J. Miller* of counsel [*Dunnington, Gregg & Church*, attorneys], for the respondent.

SHERMAN, J. Plaintiff was injured while upon the sidewalk near the intersection of One Hundred and Second street and Columbus avenue in the city of New York. One of the horses drawing defendant's wagon ran away, and plaintiff was either struck by the horse or perhaps being frightened and seeking to avoid contact, turned sharply and broke his leg. The jury's verdict was for defendant.

Near the end of the charge the court, at defendant's request, instructed the jury as follows: " I also ask your Honor to charge the jury that if they come to the conclusion that the plaintiff's injury was received by reason of fright and not by any physical contact between the property of the defendant and the plaintiff, that they must find a verdict for the defendant. The Court: By reason of

what? Defendant's counsel: By reason of fright without any physical contact. The Court: Of course that follows."

Plaintiff's exception thereto questions the correctness of this instruction. Governed by it, the jury may have found in favor of the plaintiff upon the disputed questions of negligence, and nevertheless returned a verdict for defendant. It is sought to justify this charge under the rule enunciated in *Mitchell* v. *Rochester Railway Co.* (151 N. Y. 107). But the distinction is apparent. Plaintiff's condition there was induced solely by fright without any immediate personal injury. Here plaintiff does not claim damages for a condition directly caused by and consequent upon fright, but for the fracture of his leg which was not the result of mere fright but may have been due either to contact with the horse or to his effort to avoid being struck by it.

Under such circumstances though he were actually frightened, and that state of mind impelled him to attempt to escape the impending danger, he may recover damages. (*Cohn* v. *Ansonia Realty Co.*, 162 App. Div. 791; *Ansteth* v. *Buffalo Railway Co.*, 145 N. Y. 210, 214; *Mundy* v. *Levy Brothers Realty Co.*, 184 App. Div. 467.)

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MCAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.