BARBARA W. THOMPSON *v.* CARLO LUPONE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 4—decided December 2, 1948

*George G. Whitehead* and *George C. Conway,* for the appellants (defendants).

*Jay E. Rubinow,* with whom was *John D. LaBelle,* for the appellee (plaintiff).

DICKENSON, J.   The plaintiff brought this action to recover damages for personal injuries caused by negligence of a waitress in spilling hot coffee on her in the defendants' restaurant.   The defendants have appealed from a judgment for the plaintiff on grounds of lack of proof of agency and of sufficient injury to justify the damages awarded.

The facts found, which are not subject to correction, may be summarized as follows: On July 29, 1946, the plaintiff, a housewife thirty-one years of age and in good health, was seated on a stool at the counter of the defendants' restaurant when a waitress negligently tipped a cup of very hot coffee on the plaintiff's left thigh and legs, causing severe pain and first-degree burns.   The plaintiff instinctively jumped up and struck her right knee against an adjoining stool.   She received treatment for her burns from a local physician.   On the third or fourth day after her injury trouble developed in her right knee.   She received medical and hospital treatment, her right leg was encased in a cast and her injury was diagnosed as neuritis of the common peroneal nerve at the knee joint, caused by the blow to her knee.   The plaintiff weighed

261 pounds at the time of her injury, although active in her work and recreation. Her knee failed to improve after the cast was removed and she was upset and nervous. She was put on a weight-reducing diet and continued to have medical care. Her knee injury is not permanent but disabled her at the time of trial, approximately fifteen months after the accident, and would continue to cause her pain. Her medical expenses were $543.25. The court awarded her $2000 damages.

The negligence of the waitress is not questioned. That she was the defendants' agent engaged in their work was the only reasonable conclusion the court could reach on the evidence. She was behind the defendants' counter serving food, and no claim was made that she was there without authority. She assumed to act for the defendants and was performing acts indicating that she was. *Cupo* v. *Royal Ins. Co.,* 101 Conn. 586, 590, 593, 126 A. 844. Further, there was testimony that one of the defendants, joint owners and operators of the restaurant, said after the accident that it was due to carelessness on the part of the waitress and that any doctors' bills could be sent to him as well as a bill for a new dress. There was sufficient prima facie evidence of agency for the court to take into consideration the fact that the defendants offered no evidence that the waitress serving the coffee was not their agent. *Cupo* v. *Royal Ins. Co.,* supra, 592. The finding of agency is one of fact and unreviewable if supported by the subordinate facts. *Fireman's Fund Indemnity Co.* v. *Longshore Beach & Country Club, Inc.,* 127 Conn. 493, 496, 18 A. 2d 347; *Greenberg* v. *Lotz Asbestos Co.,* 109 Conn. 441, 450, 146 A. 834. The defendants attack the finding as to the cause of the knee injury. There was evidence of the trauma at the restaurant, and the plaintiff testified that noth-

ing had happened to the knee before or after that until the pain developed.

The defendants claim that the amount of the judgment is excessive, on the basis of medical testimony that a considerable part of the plaintiff's suffering was a result of anxiety and her obesity. The defendants took her as they found her. *Sapiente* v. *Waltuch*, 127 Conn. 224, 227, 15 A. 2d 417; *Flood* v. *Smith*, 126 Conn. 644, 647, 13 A. 2d 677. The medical testimony was that the injury plus the constitutional overweight and a posttraumatic anxiety for the future led to a prognosis that the injury, instead of disabling for one or two weeks, would disable the plaintiff for six or eight months. Mental suffering arising out of physical injury is compensable. *Gibney* v. *Lewis*, 68 Conn. 392, 396, 36 A. 799; *Miller* v. *Connecticut Co.*, 112 Conn. 476, 478, 152 A. 879; *Block* v. *Pascucci*, 111 Conn. 58, 61, 149 A. 210. The trial court could reasonably consider that the anxiety was a proximate result of the injury. *Hunnewell's Case*, 220 Mass. 351, 355, 107 N. E. 934. The assessment of damages in personal injury cases is peculiarly within the province of the trier and will only be disturbed when plainly excessive; *Sette* v. *Dakis*, 133 Conn. 55, 61, 48 A. 2d 271; and this is particularly so where the amount is determined by the court in a trial without a jury. *Squires* v. *Reynolds*, 125 Conn. 366, 369, 5 A. 2d 877.

There is no error.

In this opinion the other judges concurred.