## John Mellish *v.* Lillian Cooney

Circuit Court                  Second Circuit
File No. CV 2-615-4558

Memorandum filed May 29, 1962

*Harold Sobel,* of Bridgeport, for the plaintiff.

*Max Frauwirth,* of Bridgeport, for the defendant.

Wright, J. On February 25, 1961, at approximately 6 p.m., the defendant left her automobile standing on the street in front of her home at 354 Priscilla Street, Bridgeport. It was dark at the time. The keys were left in the ignition. During the next half hour, a thief stole the car and ultimately struck the plaintiff's parked automobile, causing damage in the amount of $361.78. The area from which the defendant's automobile was stolen is a residential area, consisting mainly of two-family houses. Approximately five or six blocks away from the defendant's home is a commercial area.

The defendant claims that the act of the thief was an intervening cause, cutting off any possible liability on the part of the defendant. The plaintiff cites *Block* v. *Pascucci,* 111 Conn. 58, where liability was predicated upon leaving an automobile unattended and unlocked in a business district, with the motor running, to the ultimate effect that a child placed

the car into motion and caused damage to the plaintiff. No Connecticut case has been found as to whether the owner of an automobile who leaves the car with the keys in the ignition on a public street is liable for the acts of a thief.

In *Lombardi* v. *Wallad,* 98 Conn. 510, 519, the court made the following pronouncement: "If a man leaves his horse unhitched and unattended in a city street, and a stranger frightens it and it runs away, the owner will be liable for the resulting injuries, although after the horse begins to run he does his best to stop it. *Lynch* v. *Nurdin,* 1 Q.B. 29. If the owner of anything capable in its nature of doing injury, negligently leaves it unguarded and exposed in a public place, and it be set in motion by a negligent person, the owner will be held responsible for the injuries consequently suffered by a third person not himself careless. *Lane* v. *Atlantic Works,* 111 Mass. 136, 141. Where a gas company negligently permitted gas to escape from a defective main, and a third person struck a match which caused an explosion, the company was held liable. *Koelsch* v. *Philadelphia Co.,* 152 Pa. St. 355, 364."

In *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 172, our Supreme Court of Errors, in reviewing the Connecticut cases on intervening cause, made this statement: "This long line of decisions indicates that cases in which the chain of causation is found to have been broken are exceptional."

In the present case, the court finds that leaving an automobile on a city street, after dark, with the keys in the ignition, was a negligent act, and that the defendant should have foreseen the distinct possibility that a thief might steal the car and cause damage to innocent persons.

Judgment may therefore enter for the plaintiff to recover the sum of $361.78, plus costs.