No. 19,497.

HUGH A. LEMMON, *Appellee,* v. W. EUGENE KING, *Appellant.*

SYLLABUS BY THE COURT.

FALSE IMPRISONMENT — *Inducing Officer to Make Arrest — No Warrant—Misleading Instructions.* One who in good faith reports to a police officer the violation of a city ordinance, and at the same time asks that the violator be arrested, but does not assume to say what steps shall be taken to that end, is not thereby rendered liable for damages because the arrest is made without the issuance of a warrant.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed May 8, 1915. Reversed.

*Junius W. Jenkins,* of Kansas City, and *T. A. Witten,* of Kansas City, Mo., for the appellant.

*A. J. Herrod,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Hugh A. Lemmon brought an action against W. Eugene King for damages resulting from an assault and battery and false imprisonment. He recovered a judgment for $500, and the defendant appeals.

The defendant was the president of a lumber company. According to his story he visited the yard office one Sunday afternoon and found his son and the plaintiff there, both of whom were employees of the company. The plaintiff was drinking liquor out of a quart bottle, which he immediately hid. The defendant asked what he was doing there, and on receiving an insulting reply said he did n't want him drinking and carousing there and ordered him from the place. The plaintiff left, but meeting the defendant on the sidewalk threatened to shoot him, using abusive language, accompanied by obscenity and profanity. The defendant drove to the police station in his automobile and reported the occurrence. An officer accompanied him back to the office, and finding the plaintiff drunk and abusive, arrested him and took him to the station. This version of the affair was in part corroborated by the defendant's wife, by the officer making the arrest, and by other witnesses, one of whom testified that the plaintiff had quit work that morning because he was intoxicated. The sergeant of police in charge of the station testified that when Lemmon was brought in he was drunk and very boisterous and abusive; that he was booked as drunk and disturbing the peace; that he was not locked up, but held until he gave a bond of ten dollars for his appearance the next morning.

The plaintiff testified that he had taken one drink of whisky on the morning of the day on which he was

arrested, from a quart bottle belonging to himself and the defendant's son; that they also had a beer bottle containing diluted Jamaica ginger, from which they had been drinking; that his conduct toward the defendant had been inoffensive, but that the defendant had forcibly ejected him from the office and caused his arrest. The arrest was made without a warrant. Lemmon was detained at the station from half to three-quarters of an hour. He appeared the next morning and the case was dismissed. The city ordinances provide a fine for disturbance of the peace by the use of profane or obscene language, and authorize the arrest of any one found so intoxicated "as not to be able to take care of himself, or annoying or endangering the safety of others."

The jury found for the plaintiff on both counts, but fixed the recovery at a lump sum, the items of damage, or the amount allowed on each count, not being shown. The verdict necessarily implies findings that the defendant assaulted the plaintiff, either directly or by using more force than was necessary in putting him out of the office; that the plaintiff at the time he was arrested was not drunk and was not disturbing the peace.

A reversal is asked on the ground that the defendant could not be liable for the arrest, conceding it to have been wrongful, unless he requested or directed it, and that there was no evidence at all to that effect. The contention fails because, while there was much testimony that the defendant merely reported the facts, and that the officer acted only on his own initiative, or by the direction of his superior, there was some to the contrary. The plaintiff testified "that he waited there till the officer came with defendant in defendant's automobile, and the defendant said, 'There is the son-of-a-bitch, go get him.'" Another witness returned an affirmative answer to the question: "Before he arrested him or at any time, did n't Doctor King [the defendant] say, 'Take him down to the station?'" And the evidence as to what took place on the defendant's visit to

the police station might possibly be regarded as showing what was in effect a request for the arrest.

In an instruction, after stating that the plaintiff claimed that the defendant had caused his wrongful arrest, the court added: "The defendant in his answer alleges that the plaintiff was drunk and disturbing the peace at the time he was arrested." The defendant maintains that this statement was prejudicial to him because it led the jury to suppose that his defense was based wholly on an attempt to justify the arrest, whereas his answer included a general denial, and he at all times contended that he was not responsible for the officer's act, this being made clear in the preliminary statement made to the jury in his behalf. The instruction in question concluded with these words:

"If you find from the evidence that the plaintiff at the time he was arrested by Officer Ryan was not drunk and was not disturbing the peace and that he was arrested at the solicitation and request of the defendant by said officer without a warrant, then you are instructed that the plaintiff would be entitled to recover upon his second cause of action."

This accords with the statement sometimes made that, inasmuch as an arrest made by an officer without a warrant, for an offense less than a felony, not committed in his presence, is illegal, one who requests it is liable as a participant in the wrongful act. However true that may be as a general rule, the instruction quoted was not sufficient to give full protection to the defendant in the present instance, for these reasons: The jury may have found that the defendant's assault upon him was hardly more than nominal, involving the use of more force than necessary in doing a lawful act; that the plaintiff was guilty of disturbing the peace by violent and indecent abuse of the defendant in the presence of his wife and daughter-in-law; that the defendant reported the fact to the police, and asked that the plaintiff be arrested, meaning that this should be done in accordance with whatever formality the law

might require; that the public officers, acting upon their own judgment, upon the real facts in the case as accurately reported to them, made the arrest without a warrant; or that an officer sent to investigate the matter arrested the plaintiff on his own judgment, for what had been done in his presence, although in fact the plaintiff was not then disturbing the peace and was not then so intoxicated according to the legal standard as to justify his arrest on that account; and that he was detained at the station because his condition then exceeded the legal limit; and yet, acting upon this instruction, the jury, notwithstanding these findings, may have awarded five hundred dollars damages to the plaintiff because the defendant requested the arrest, and it was made without a warrant, and without a public offense having been committed in the presence of the officer. A judgment which may rest on such foundation ought not to stand.

Assuming that no offense was committed in the presence of the officer, the instruction referred to makes the case turn on whether the arrest was made "at the solicitation and request" of the defendant. The phrase quoted would doubtless ordinarily be regarded as the equivalent of "because of the solicitation and request." But in view of the fact that the defendant's position had just been stated as being that the arrest was justifiable, there is room to suppose the jury may have understood the court to mean that if the defendant requested the arrest, and it was wrongfully made, the plaintiff was entitled to recover. In such circumstances as those here presented it may well be said that "The fact that the defendant commanded the police officers to arrest the plaintiff cannot entitle the latter to recover of the former, unless the arrest was in consequence of such command." (*Rich v. McInerny*, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32, headnote.) The general verdict, in view of the instruction quoted, implies a finding that the defendant requested the arrest of the

plaintiff, but it does not necessarily imply that the request was made just before the plaintiff was taken into custody. The plaintiff testified that such was the case, but the defendant denied this. The jury may have found that what the defendant said on his visit to the police station amounted to a request for the plaintiff's arrest.

It is said that "in order to avoid liability the person so causing an arrest [unauthorized by law] must, before he puts the law into motion, see that the process is properly procured." (19 Cyc. 332.) But most of the cases in which this rule has been applied involve either arrests upon civil process, or the use of criminal process to enforce the payment of a debt, or for some similar purpose. Obviously one who in good faith invokes the action of public officers on account of a violation of the criminal law to which he calls their attention is entitled to more liberal treatment in this regard than is one who seeks to bring about an arrest for his private advantage.

It is said that "The person making the complaint upon which the warrant issues is not liable if he states the facts to the magistrate, even though such facts do not authorize the issuance of a warrant." (Note, 67 Am. St. Rep. 411.) By analogy it would seem that where a citizen makes a truthful statement to an officer of facts justifying an arrest, the mere fact that he asks that the law be enforced, without assuming to declare the precise procedure, should not make him liable in damages because the formality of procuring a warrant is not observed. In *Taaffe v. Slevin,* 11 Mo. App. 507, an action for false imprisonment, it was said that "In the absence of evidence of a misdemeanor committed in the presence of the officer, defendant, to justify himself, was bound to show that the charge which led to the arrest was well founded" (p. 514), implying that proof of the plaintiff's guilt would constitute a defense. Substantially this language was repeated in

*Veneman v. Jones,* 118 Ind. 41, 20 N. E. 644, where the court explicitly held that in an action against a private person for causing the arrest of the plaintiff without a warrant, for the violation of a city ordinance, not committed in view of an officer, an allegation that the charge was well founded stated a good defense.

If the plaintiff was in fact guilty of the gross misconduct originally charged against him, even although it was not repeated in the presence of the officer, the invasion of his rights by arresting him without a warrant was rather technical than substantial, and not such as to justify the allowance of any very considerable sum as damages. From what has already been said it is clear that a miscarriage of justice may have occurred, through some misconception by the jury, which might have been prevented by a fuller statement of the conditions under which a verdict for the defendant would be justified.

The defendant complains of the giving of an instruction that if the jury found for the plaintiff upon the count relating to his arrest they should award him as actual damages such sum as they found from the evidence would compensate him for any injuries or indignities sustained, adding (the italics being those used in the brief) :

"In awarding such damages you may consider the *character of his injuries,* what *physical injury,* if any, he sustained, also the *mental suffering,* if any, also any *sense of shame or humiliation* suffered on account of his imprisonment, if any, *and award him such damages as will be fair compensation in the premises.*"

The argument is made that the instruction was improper because there was no evidence on which to base it. The plaintiff testified that it hurt when the defendant kicked him, and that he was afterwards joked about being a jailbird, but said nothing about suffering mental anguish or humiliation; however, the fact that he was taken to the police station in charge of an officer, and was restrained of his liberty for some time,

justified the giving of the instruction. Damages on account of the matters referred to, being general, are not required to be proved by specific evidence. (1 Bouvier's Law Dictionary, Rawle's 3d Revision, 751.)

Because of the defects pointed out in the instruction, which stated the conditions under which the defendant might be held liable for false imprisonment, the judgment is reversed and a new trial ordered.