Buchholz v. Glass, 180 Wis. 527.

BUCHHOLZ, by guardian *ad litem*, Appellant, vs. GLASS, Respondent.

*April 4—May 1, 1923.*

*False imprisonment: Informers: Liability.*

An employer failed to find her purse where she supposed she had put it after payment of wages to a servant who was leaving, and a few days later, on the return of the servant to the house, telephoned to an officer who had previously made an investigation of the case and to whom the employer had in good faith related the circumstances as she supposed them to exist. The employer did not make a written complaint against the servant or ask the officer to arrest her, but the officer on his own motion asked the servant to accompany him to the police station. *Held*, under the circumstances, that the employer was not liable to the servant for false arrest and false imprisonment.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

False arrest and false imprisonment. This action was begun in the civil court of Milwaukee county. The plaintiff had judgment for $316.20, damages and costs. From that judgment the defendant appealed to the circuit court for Milwaukee county. Upon the appeal the circuit court reversed the judgment of the civil court and directed that judgment be entered in favor of the defendant, dismissing the plaintiff's complaint. From the judgment so entered plaintiff appeals. The facts are stated in the opinion.

For the appellant there was a brief by *W. J. McElroy* and *H. T. Ferguson*, both of Milwaukee, and oral argument by *Mr. Ferguson*.

For the respondent there was a brief by *Joseph A. Padway* and *William F. Quick*, both of Milwaukee, and oral argument by *Mr. Quick*.

ROSENBERRY, J. The facts out of which the cause of action arose occurred in August, 1920. The plaintiff, then

not twenty-one years of age, had been employed by the defendant to do domestic work. On August 18, 1920, the plaintiff and her husband gave up their room in the defendant's home and left the city. Just before their departure the defendant paid the plaintiff some wages which were due her. The money was taken from a purse which the defendant returned, as she supposed, to the drawer from which it was taken. Later the purse was missing. The defendant notified the police of the loss of the purse and Inspector Fallon came to her home to make an investigation. In the meantime the plaintiff had left the city with her husband. She returned and on the morning of August 23, 1920, went to the home of the plaintiff and appealed to the plaintiff to help her because her husband was in jail and she wanted to get in communication with him. The defendant then called up the police office, notified the office that the plaintiff was then at her house, and Inspector Fallon immediately responded. He came to the house and interrogated the plaintiff in regard to the loss of the purse. No written complaint was lodged with the police department. The defendant did not request the officer to arrest the plaintiff or give him any directions as to the course which he should pursue. The inspector, upon his own motion, requested plaintiff to accompany him to the police station, which she did, and there was subjected to prolonged questioning and, she claims, ill-treated.

The testimony of the plaintiff is that *Mrs. Glass* did not accuse her of taking the money, made no request to the police officer that he arrest the plaintiff, and the plaintiff testifies that the defendant, at or about the time she was leaving the house with the inspector, said to the plaintiff that if she gave the money back there wouldn't be anything done. The plaintiff further testified: "The last thing she said to me when I was leaving the door, '*Marion*, I believe you innocent until you are proven guilty.'" It appears that there were only two persons who had any knowledge as to the whereabouts of the purse in question. They were the plaint-

iff and another person. The purse was found by a maid in another drawer, so there was in fact no felony committed. It is quite clear from the case that, if there was any imprisonment or arrest of the plaintiff, it occurred at the police station and after the plaintiff had willingly consented to go with the police officer to the station. The undisputed testimony here is that the defendant took no part in the arrest of the plaintiff, never directed that an arrest be made, did not charge the plaintiff with the commission of the felony, but merely called the police station and informed the police of the circumstances as she truthfully supposed them to exist. There is nothing in the evidence to indicate that her complaint was more directed against the plaintiff than against the other person who knew of the whereabouts of the purse or that she demanded the arrest of any one. Under such circumstances the circuit court rightly held that the defendant was not liable. *Shinglemeyer v. Wright,* 124 Mich. 230, 82 N. W. 887, 50 L. R. A. 129; *Lemmon v. King,* 95 Kan. 524, 148 Pac. 750, L. R. A. 1915E, 882; *Farnam v. Feeley,* 56 N. Y. 451.

*By the Court.*—Judgment affirmed.