No. 27,870.

Mrs. Margaret Clemm, *Appellee*, v. The Atchison, Topeka & Santa Fe Railway Company, *Appellant*.

(268 Pac. 103.)

Opinion filed June 9, 1928.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *William Osmond,* of Great Bend, for the appellant.

*Carr W. Taylor* and *James N. Farley,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a common-law action for damages, alleged to have resulted from defendant's negligence. The trial court overruled a demurrer to the petition. Defendant has appealed.

The petition alleges in substance: That plaintiff and her husband were for many years residents of Hale, Carroll county, Missouri; that her husband died at Hutchinson, Kan., August 8, 1925; that she desired, in accordance with his wish, that he be buried at his old home; that she purchased from defendant a ticket by which defendant contracted and agreed to receive at Hutchinson, Kan., and to deliver over its line and the Chicago, Burlington & Quincy

Railway, from Kansas City, via Laclede, to Hale, Mo., the body of her husband; that she delivered the body to defendant at Hutchinson for that purpose; that she notified the undertaker at Hale to meet and take charge of her husband's body on the arrival of the train, the minister at Hale to arrange to officiate at the funeral, and her friends there that the funeral would be at the church soon after the train arrived; that she and her daughter purchased from defendant tickets over the same route, and as passengers boarded the same train from Hutchinson on which her husband's body was being transported; that at Kansas City, through defendant's negligence, the body of her husband was not transferred to the Chicago, Burlington & Quincy Railway Company; that plaintiff was not there informed of that fact; that when the train stopped at Laclede, Mo., plaintiff had her daughter make inquiry if her husband's body was on the train, and learned that it was not, and the agents and employees of the railway company there knew nothing of it; that plaintiff "was terribly shocked and instantly, and because of said shock, she lost consciousness and fell heavily upon the platform." with resulting physical injuries; and that for several hours thereafter she was unable to discover the whereabouts of her husband's body, although she endeavored to do so. The body reached Hale one day later. The action is for the mental and physical pain and suffering of plaintiff resulting from the alleged negligence of defendant.

The demurrer was on the ground that the petition does not state a cause of action. Appellant contends, (1) that there can be no recovery in such an action for mental suffering alone, and (2) that the negligence complained of was not the proximate cause of the physical injuries alleged.

On the question of proximate cause appellant quotes from *Milwaukee, etc., Railway Co. v. Kellogg*, 94 U. S. 469, 475, as follows:

"But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

And from Corpus Juris as follows:

"Proximate damages include all damage directly and immediately caused by the wrongful act, and such consequential damage as results from intermediate causes, where the natural and probable effect of the act complained

of is to set in operation the intervening cause from which the loss directly results." (17 C. J. 714.)

"Remote damages are such as are the result of accident or an unusual combination of circumstances which could not reasonably be anticipated, and over which the party sought to be charged had no control." (17 C. J. 715.)

And from other authorities of like tenor and contends that under these authorities the damages claimed are too remote. It is argued that it was not the delay which caused plaintiff to faint and fall, but the announcement to her that the body of her husband was not there, and appellant asks, "Can any one say that this fall and the injuries arising therefrom could have been probably anticipated by the persons responsible for the delay?" A fair consideration of the question seems to require an affirmative answer, or at least it cannot be said as a matter of law that the answer *must* be in the negative. Those responsible for the delay must be held to have anticipated that grief-stricken relatives would learn of it. Vertigo, or fainting, from the shock of such information, by one whose nerves were already shattered by grief, is not so unusual that it can be said as a matter of law that it could not have been anticipated. That physical injuries may result from a fall is common knowledge.

Much has been said first and last on proximate and remote cause. There is no purpose in writing extensively on the subject here. Perhaps as good a general statement as is contained in any of the opinions is found in *Light Co. v. Koepp,* 64 Kan. 735, 737, 68 Pac. 608, as follows:

"The negligent acts cannot be the proximate cause of an injury to one unless, under all the circumstances ordinary prudence would have admonished the person sought to be charged with negligence that his acts or omissions would result in injury to some one. The general test as to whether negligence is the proximate cause of an accident is said to be such that a person of ordinary intelligence should have foreseen that an accident was liable to be produced."

It is not essential to recovery that the specific injury suffered should have been foreseen, but an injury of some character. (*Gas Co. v. Dabney,* 79 Kan. 820, 826, 102 Pac. 488; *Walmsley v. Telephone Association,* 102 Kan. 139, 143, 169 Pac. 197.) It cannot be said, as a matter of law, that the injury complained of is too remote.

Appellant contends that the mental suffering of plaintiff in itself could not be a basis for the recovery of damages, neither could the physical injuries which occurred as a result thereof. With respect

to mental suffering, such as fright, terror, and the like, resulting in physical injury, the courts of the various jurisdictions have not been uniform in the rules which govern the question of recovery, and perhaps not always uniform in application of rules announced. Many cases dealing with the question are collected in the annotations of 11 A. L. R. 1119; 40 A. L. R. 983. We shall not attempt even a general résumé of them. It has been repeatedly held in this state in substance that in an action where no physical injury is alleged or proved, no damages for mental suffering or anguish are recoverable. (*West v. Telegraph Co.,* 39 Kan. 93, 17 Pac. 807; *Cole v. Gray,* 70 Kan. 705, 79 Pac. 654.) Where the mental suffering is an element of physical pain, or the natural and proximate result of physical injury, it forms the basis of recovery. (*City of Salina v. Trosper,* 27 Kan. 544; *Hendren v. Arkansas City,* 122 Kan. 361, 252 Pac. 218.)

Some courts have gone so far as to hold that where there is fright or mental anguish which results in bodily injury there can be no recovery even for the bodily injury. This court has stated the rule thus:

"In general there can be no recovery for fright or mental anguish unless it results in or is accompanied by bodily injury." (*Whitsel v. Watts,* 98 Kan. 508, 159 Pac. 401.)

But several of the courts which hold that there can be no recovery for physical consequences of fright, unaccompanied by contemporaneous physical injury, particularly point out that the rule is not applicable to cases such as the one before us.

In *Conley v. United Drug Co.,* 218 Mass. 238, a girl working in a factory at which an explosion occurred could not remember whether she was struck by anything or was thrown down, but on examination a physician found bruises on her body which could have been caused by a fall or by being thrown violently against some object in the room. It was held:

"If a girl is so frightened by an explosion that she faints and falls unconscious to the floor, where she sustains some physical injury, she has a cause of action against a person who wrongfully caused the explosion."

In the opinion it was said:

"The defendant contends that the plaintiff's injuries were due wholly to fright, and that she is precluded from recovery under the rule established in the case of *Spade v. Lynn & Boston Railroad,* 168 Mass. 285. . . . In view of the effect of the explosion upon the plaintiff and the fear and fright caused

thereby, a jury might find, notwithstanding the absence of direct testimony to that effect, that she was thrown to the floor or against some object and so received the physical injuries described. Upon such a finding, manifestly the rule laid down in *Spade v. Lynn & Boston Railroad*, ubi supra, would not be applicable. If, as the defendant contends, the physical injuries which the plaintiff received were due to her falling upon the floor when by reason of fright she fainted and became unconscious, still we are of the opinion that the rule adopted in *Spade v. Lynn & Boston Railroad* does not apply. We think that if the effect of the excitement and fright under which the plaintiff labored was to cause her to faint and fall to the floor and thereby sustain physical injuries, she would not be barred from recovery." (pp. 239, 240.)

In *Kisiel v. Holyoke Street Railway*, 240 Mass. 29, the court had occasion to discuss at some length the rule with respect to recovery for fright. In the opinion it was said:

"In this commonwealth it is settled beyond doubt that, in actions for injury by negligence such as is here involved, there can be no recovery for 'fright, terror, alarm, anxiety, or distress of mind, if these are unaccompanied by some physical injury' from without to the person; but in case there is such injury, damages are assessed with reference to the results immediately arising therefrom and from those 'attributable to the mental shock or disturbance.' (*Spade v. Lynn & Boston Railroad*, 168 Mass. 285; *Mullin v. Boston Elevated Railway*, 185 Mass. 522; *Driscoll v: Gaffey*, 207 Mass. 102.) Such physical injury need not be indicated upon the surface of the body by bruises or otherwise. (*Driscoll v. Gaffey*, supra.) It may be caused by a fall when by reason of fright one faints. (*Conley v. United Drug Co.*, 218 Mass. 238.) It may be slight so far as the physical injury is concerned. (*Hunnewell's Case*, 220 Mass. 351; *Megathlin v. Boston Elevated Railway*, 220 Mass. 558; *McCarthy v. Boston Elevated Railway*, 223 Mass. 568. See, also, *Berard v. Boston & Albany Railroad*, 177 Mass. 179; *Cameron v. New England Telephone & Telegraph Co.*, 182 Mass. 310.) While under the decisions above cited, mental suffering or other injury akin thereto does not constitute an independent cause of action, largely because of the 'remoteness of such damages and . . . the metaphysical character of such an injury,' if there was an actual invasion of the plaintiff's rights by the appreciable and wrongful application of violence to her body causing mental suffering or like injury as its proximate result, such elements may be considered in assessing damages. (See *Stiles v. Municipal Council of Lowell*, 233 Mass. 174, 185; *Warren v. Boston & Maine Railroad*, 163 Mass. 484, 487; *Steverman v. Boston Elevated Railway*, 205 Mass. 508.) As said by Holmes, C. J., in *Homans v. Boston Elevated Railway*, 180 Mass. 456, 457: 'It is an arbitrary exception, based upon a notion of what is practicable, that prevents a recovery for visible illness resulting from nervous shock alone.' (See *Driscoll v. Gaffey*, supra.) In the Homans case it was recognized that the ultimate basis of the rule was whether there had been a wrongful application of force to the plaintiff." (p. 31.)

In *Sider v. Reid Ice Cream Co.*, 211 N. Y. Supp. 582, after re-

ferring to the general rule that damages may not be recovered for mere fright or physical conditions resulting therefrom, announced in *Mitchell v. Rochester Railway Co.*, 151 N. Y. 107, being the same rule as stated in *Spade v. Lynn & Boston Railroad Co.*, 168 Mass. 285, it was said:

"Where, however, there is a physical injury caused by the negligent act of the defendant, and also fright producing illness, recovery may be had both for the physical injury and the results of the fright. (*Jones v. Brooklyn Heights R. Co.*, 23 App. Div. 141, 48 N. Y. S. 914.) If fright, produced by defendant's negligence, causes one to lose his balance and thus become physically injured, the defendant is liable. (*Cohn v. Ansonia Realty Co.*, 162 App. Div. 791, 148 N. Y. S. 39. See, also, *Mundy v. Levy Bros. Realty Co.*, 184 App. Div. 467, 170 N. Y. S. 994; *Wood v. New York Cent. & H. R. R. Co.*, 83 App. Div. 604, 82 N. Y. S. 160.)" (p. 583.)

In *Mollman v. Light & Power Co.*, 206 Mo. App. 253, 261, where the action was based on damages caused by negligence of defendant which caused fright, fainting and a fall, with resulting injury, defendant contended for the rule announced in *Spade v. Lynn & Boston Railroad Co.*, 168 Mass. 285, the court declined to apply it. In the opinion it was said:

"There are many conflicting decisions on the right to recover for physical injuries resulting from fright caused by a wrongful act, but the general rule is, in cases of this character, that if the injury is directly traceable to the unlawful invasion of plaintiff's rights, then such recovery may be had." (Citing and quoting authorities.)

To the same effect is *Sternhagen v. Kozel*, 40 S. Dak. 396; *Hanford v. Omaha & C. B. Street R. Co.*, 113 Neb. 423, and *Pankopf v. Hinkley*, 141 Wis. 146.

See, also, *Kenney v. Wong Len*, 81 N. H. 427, where the rule contended for by appellant is discussed, and it is noted that the rule is not enforced where the immediate physical injury was sustained in a fall consequent upon a fainting induced by fright, citing *Conley v. United Drug Co.*, supra.

A somewhat similar situation was presented in *Whitsel v. Watts*, supra, where the rule contended for by appellant here was sought to be invoked. In the opinion the court said (p. 510):

"There is a conflict in the authorities in regard to whether there can be a recovery for physical injuries resulting from fright where the act causing the fright was merely negligent and not willful, and differences of opinion as to what constitutes a physical injury, and whether certain injuries can be regarded as the proximate result of the negligence which caused the fright; but

the great weight of authority is that if the bodily injury is the direct and reasonable consequence of the fright caused by the negligence a recovery may be had although the negligence may have been unintentional." (Citing authorities.)

Appellant argues that this language was dictum in the case. We do not so regard it; but if it were that would not change the correctness of the statement made. The basis of the decision in that case is found in excerpt from the opinion on page 509, as follows:

"The plaintiff is seeking to enforce a civil liability for the consequences of the wrong, and the general rule is that a wrongdoer is liable in damages for injuries which are the natural and reasonable consequences of his wrongful act, whatever name may be fittingly applied to the wrong."

And as before noted herein, it was there held that there can be recovery for fright or mental anguish if "it results in or is accompanied by bodily injury."

Here the fright, terror, grief, shock, and the fall with resulting physical injuries were substantially simultaneous, and by the allegations of the petition all of them resulted naturally and directly from the negligence of plaintiff. To say that the mental anguish preceded the physical injuries by a second or two, and therefore that there is no liability for either, is to make too much of a refinement for practical purposes, and one that would tend to defeat justice rather than to promote it.

The order of the court below overruling defendant's demurrer to plaintiff's amended petition is sustained.

BURCH, J., concurs in the result.