No. 29,457.

MRS. BLANCHE CORDELL, *Appellee.* v. THE STANDARD OIL COMPANY, *Appellant.*

(289 Pac. 472.)

222

Opinion filed July 5, 1930.

*J. H. Brady, N. E. Snyder,* both of Kansas City, and *R. R. Brewster,* of Kansas City, Mo., for the appellant.

*George H. West* and *P. W. Croker,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one for damages caused by the defendant's unlawful restraint of the plaintiff. Judgment was rendered for the plaintiff, and the defendant appeals.

1. The first matter complained of is the denial of the motion of the defendant for judgment in its favor on the pleadings and the trial statement of the plaintiff. The petition alleged that the plaintiff, with a companion, drove an automobile to a filling station operated by the defendant in Kansas City and sought to purchase a gallon of alcohol and a quart of oil for use in the car; that after the water had been drawn from the radiator of her car she was informed by the agent of the defendant that she could not leave the filling station and must remain there; that the defendant's agent called the police of Kansas City, who came and questioned the plaintiff in a harsh manner, the police department having been informed by the agent of the defendant that the plaintiff was a felon or a part of the forerunner of a robbery; that this was done by the agent of the defendant with malice and ill will toward the plaintiff and was done in the course of the scope of his employment; that she "was made sick in body and mind, was extremely nervous, and was confined to her bed for the space of several days following such experience, and now is extremely nervous as the result of acts of such agent"; and that the plaintiff was held and restrained by the threats and subterfuge of the defendant's agent and by his disablement of the car. The answer was a general denial. The trial statement of the plaintiff recited in detail the occurrence, stated that the plaintiff had been restrained of her liberty for about thirty-five or forty minutes, and disclosed that she was afraid violence would be done to her if she attempted to go away.

We quote from the brief of the defendant as follows:

"Appellant contends that the amended petition and the opening statement did not state facts sufficient to constitute a cause of action against appellant for two reasons, the first being that there is no allegation that appellee was actually physically restrained or detained nor that she feared to go away

because of threats of bodily harm or fear or apprehension that bodily harm would be done her if she attempted to leave; the second reason being that there is no allegation of want of probable cause or lack of justification."

There was no allegation or statement that the agent of the defendant or the police officers put their hands on the plaintiff, but the trial statement did show that the agent of the defendant removed the water from the radiator of the automobile and did not refill the radiator until he was ready to permit the plaintiff to leave. It was not necessary that an assault be committed on the plaintiff in order to constitute restraint for which the defendant would be liable.

In *Comer v. Knowles*, 17 Kan. 436, 440, this court said:

"It is not necessary that there should be any injury done to the individual's person or to his character or reputation. Nor is it necessary that the wrongful act be committed with malice or ill will, or even with the slightest wrongful intention. Nor is it necessary that the act be under color of any legal or judicial proceeding. All that is necessary is that the individual be restrained of his liberty without any sufficient legal cause therefor, and by words or acts which he fears to disregard."

That language was repeated in *Garnier v. Squires*, 62 Kan. 321, 324, 62 Pac. 1005, and in *Whitman v. Railway Co.*, 85 Kan. 150, 155, 116 Pac. 234.

It was not error to deny the motion for judgment on the pleadings and trial statement.

2. Complaint is made of the admission of evidence concerning a telephone conversation between the agent of the defendant at the filling station and the police department of Kansas City. The evidence concerning one end of that conversation was given by a person who was in the filling station and heard the agent of the defendant call the police department, and the other end of the conversation was testified to by the person in the police department who answered the telephone call of the agent. What the agent said to the police department was a part of the incident out of which the plaintiff was restrained of her liberty. For that reason. it was proper to show what he said by any person who heard it. The police officers responded to his request that policemen be sent to the filling station. It was proper for the person at police headquarters receiving the message over the telephone from the agent to testify concerning what was said in that conversation. The identity of the agent of the defendant who made the telephone call at the filling station was positively established by a person who heard that conversation. The fact that police officers came to the filling station after the call

had been sent to police headquarters was sufficient to identify that end of the conversation. The identity of the persons engaged in the telephone conversation was sufficiently established to permit evidence of it to be admitted. (22 C. J. 193; 4 Wigmore on Evidence, 2d ed., § 2155.)

3. At the close of the evidence of the plaintiff the defendant demurred thereto; that demurrer was overruled. The defendant argues that the plaintiff's evidence did not prove a cause of action against the defendant, and says, "There was no proof that the attendant acted within the scope of his employment in restraining and detaining appellee (if she was restrained or detained)." The agent of the defendant had charge of the filling station. Its care was within the scope of his employment. It was his duty to protect that property from any person who might seek to injure it or take any part of it away.

The defendant further says, "There was no satisfactory proof that appellee remained in appellant's filling station against her will; this proof considered in the most favorable light for the appellee being at best contradictory." The plaintiff testified, in substance, that she was frightened at the conduct of the agent and that she obeyed his command to stay where she was.

The defendant also contends, "There was no satisfactory evidence that the alleged acts of the attendant were the direct and proximate cause of any physical disability sustained by appellee." It was not necessary that the plaintiff establish any physical disability on her part caused by the conduct of the agent, but the evidence did tend to prove that a physical disability resulted from his conduct.

Further, the defendant argues that the "appellee proved no damages, nor attempted to prove any, other than those she alleged were sustained by reason of fright, nervousness and mental anguish, for which there may be no recovery." In this argument the defendant relies on *Clemm v. Atchison, T. & S. F. Rly. Co.*, 126 Kan. 181, 268 Pac. 103. That was an action for damages against the railway company for negligence in failing to transport the dead body of the plaintiff's husband. The present action is not one for damages caused by negligence, but is one for damages caused by a positive unlawful act of the defendant. The case cited by the defendant has no application to the present action. Under *Zimmerman v. Knox*, 34 Kan. 245, 253, 8 Pac. 104, and *Lemmon v. King*, 95 Kan. 524, 530, 148 Pac. 750, damages can be recovered for mental suf-

fering where the plaintiff has been unlawfully imprisoned. It was not necessary that the plaintiff prove any special damage resulting from the restraint. She testified that she was frightened, that she became nervous and that she suffered mental anguish. It was for the jury to name the amount that would compensate her for her fright, nervousness and mental anguish.

The demurrer to the evidence of the plaintiff was properly overruled.

4. The defendant argues that "the evidence concerning appellee's physical condition following her alleged detention and restraint was not admissible." The plaintiff testified to a physical condition which shortly followed the restraint complained of under such circumstances as tended to show it was the result of the conduct of the agent. Her evidence on that subject was admissible.

5. The court instructed the jury that "there was not sufficient legal cause, or, in other words, probable cause, for the arrest or detention, if any, of the plaintiff against her will under the circumstances, at the time and place in question." There was no excuse for the detention of the plaintiff, let alone any sufficient cause or justification therefor. It was not error for the court to give the instruction complained of.

6. The verdict of the jury was for $500. Judgment was rendered for that amount. The defendant says the verdict was excessive. The amount of the verdict was within the province of the jury, and this court is unable to see wherein it was excessive.

The judgment is affirmed.

HARVEY, J., dissenting.