[No. 33674. Department One. July 5, 1957.]

FRANK P. PHILLIPS et al., *Appellants,* v. CORDES TOWING SERVICE, INC., *Respondent.*[1]

[1]Reported in 313 P. (2d) 377.

*Olwell & Boyle,* for appellants.

*Whitmore, Vinton & Powers,* for respondent.

OTT, J.—October 14, 1954, at approximately 5:00 p. m., Frank Phillips parked his Buick automobile in a vacant lot (belonging to another) adjacent to the apartment building in which he resided. Upon the lot was a sign giving notice that cars parked on the lot would be removed by Cordes Towing Service. At 5:30 p. m., Mr. Phillips returned and discovered the automobile was missing. He stated that he did not see the sign until after his car was removed. Upon investigation, he found that his automobile was in the possession of Cordes Towing Service, and that it would be released upon payment of $7.21 towing charges. He then called his attorney, who accompanied him to the garage, and, upon payment of the towing charges, the automobile was released.

Mr. Phillips instituted this action claiming damages for trespass to personal property. The items of damage claimed in the complaint consisted of mental suffering, anguish, and embarrassment in the amount of eight hundred dollars, damage to the automobile twenty-five dollars, attorney's fee two hundred dollars, and towing charges $7.21.

Upon the trial, the plaintiff established, over objection, that he paid a one-hundred-dollar attorney's fee for securing the release of his automobile and for legal advice concerning the commencement of an action for damages against Cordes Towing Service. The plaintiff further testified, over objection, concerning his claim of damages for embarrassment as follows: "Well, it put me in a very embarrassing situation before this old gentleman who was my friend . . . . I felt sorry for myself and I felt very embarrassed before him."

At the close of plaintiff's case, the court dismissed from

the consideration of the jury the claim of damages (1) for the attorney's fee, and (2) for mental suffering, anguish, and embarrassment. There remained for the consideration of the jury only the towing charges and a small item of damages, together totaling $10.21, which the plaintiff voluntarily moved to dismiss.

Judgment dismissing the cause of action was entered. The plaintiff has appealed.

The sole question presented by the facts on this appeal is whether embarrassment and mental anguish, and an attorney's fee incurred prior to commencement of the action, are proper elements of damage.

■ With reference to embarrassment and mental anguish, the general rule is stated in 15 Am. Jur. 598, § 181, as follows:

"Ordinarily injury to the feelings is not a proper element of damages in actions for injuries to property, for its unlawful seizure and detention, or for tresspasses committed thereupon."

Damages for mental anguish resulting from trespass to personal property have been allowed in cases where the trespass was committed under circumstances of malice or insult, or where one of the purposes of the trespass was to cause mental anguish. See 15 Am. Jur. 598, § 181; 28 A. L. R. (2d) 1091.

■ The record before us does not establish that the alleged trespass was for any purpose other than to remove the automobile from the premises. Hence, the trial court did not err in withdrawing this element of damage from the consideration of the jury.

Did the court err in refusing to allow, as an element of damage, attorney's fees expended by appellant?

. [3] The amount which the appellant paid his former attorney for his services in regaining possession of the automobile is not segregated from the amount paid him for services in connection with the present trespass action. The latter is clearly not recoverable as an element of damages. *State ex rel. Macri v. Bremerton*, 8 Wn. (2d) 93, 111 P. (2d) 612 (1941).

█ ▪ In tort actions where attorneys' fees in prior and collateral proceedings (which are the natural and proximate consequences of the tort) have been allowed as damages, such allowances have been restricted to proceedings in which a third person was the adversary. *Choukas v. Severyns*, 3 Wn. (2d) 71, 99 P. (2d) 942, 103 P. (2d) 1106 (1940).

█ In the instant case, no third person was involved. The appellant's expenditure for attorney's fees was made to regain possession of the automobile from this respondent. The attorney's fees incurred by the appellant under such circumstances are not a proper element of damages herein.

The judgment is affirmed.

HILL, C. J., MALLERY, FINLEY, and FOSTER, JJ., concur.

