James B. WARREM and Gaynelle
Warrem, Appellants,

v.

Claude PARRISH and Parrish Chevrolet
Company, a corporation, Respondents.

No. 53777.

Supreme Court of Missouri,
Division No. 1.

Jan. 13, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied Feb. 10, 1969.

Edward W. Mullen, Spencer J. Brown, Joseph W. Amick, Deacy & Deacy, Kansas City, for respondents.

David H. Clark, Kansas City, for appellants, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

WELBORN, Commissioner.

The trial court sustained defendants' motion to dismiss for failure to state a claim plaintiffs' first amended petition seeking $500 actual and $25,000 punitive damages for false imprisonment and $25,000 for intentional infliction of mental distress. Plaintiffs appeal.

The essential elements of the plaintiffs' claim, as set out in their petition, were that defendant Claude Parrish, as officer and agent of defendant Parrish Chevrolet Company, requested plaintiffs to drive their 1965 Bel Air Chevrolet automobile from their home in Leawood, Kansas, to the Parrish Chevrolet place of business in Liberty, Missouri, a distance of 40 miles; that Claude Parrish met plaintiffs when they arrived at the Chevrolet shop, "pursuant to said invitation for the avowed purpose of inspecting plaintiffs' car so as to rectify plaintiffs' complaints that previously charged service work had not been performed; that defendant Claude Parrish, after having invited plaintiffs to place their car on the car lift and to exit therefrom, and after having raised the car in the air, did then and there intentionally and maliciously, without legal justification and with intent to injure plaintiffs, refuse to lower or permit to be lowered the car, threaten to call the police and have the plaintiffs arrested and thrown in jail unless plaintiffs paid a disputed bill which in truth and in fact they did not owe and in fear of said threatened arrest and jail confinement, plaintiffs did pay said disputed bill, after which defendants permitted plaintiffs to leave after having been falsely imprisoned against their will in spite of their repeated requests to defendant Claude Parrish over a period of time in excess of three hours that they be permitted to take their car and leave."

The second count of the petition alleged that plaintiffs were intentionally caused "severe emotional distress" by the following acts of defendant Claude Parrish:

"(a) By inviting plaintiffs to leave their home in Leawood, Kansas, drive to Liberty, Missouri, for the avowed purpose of inspecting and repairing their car and then falsely imprisoning them by refusing to lower or permit to be lowered their car from the car lift and threatening to have them arrested and thrown in jail.

"(b) By repeatedly calling plaintiff James B. Warrem 'stupid' in the presence of others and doing so in a manner calculated to embarrass and disgrace plaintiffs.

"(c) By using coarse and vulgar language and by cursing and shouting at plaintiffs in the presence of others.

"(d) By calling and making the following statements directly to plaintiffs and also in the presence of other persons: 'I do not give a god-damn, you people are nothing but louses. I do not want anything to do with either of you.' 'Oh, no, people like you folks, I don't want anything to do with you, have to treat you like rats or dogs.'

"(e) By threatening to have plaintiffs thrown in jail, by reason of defendant Claude Parrish's claimed friendship with the police, if they did not pay the disputed bill which in truth and in fact they did not owe.

"(f) By the performance of all the above acts by defendant Claude Parrish when he was aware and knew that plaintiff Gaynelle Warrem was not well and was still recuperating from an extended illness.

"(g) By insisting that plaintiffs pay the above-mentioned contested bill in cash at a time when defendant knew that they did not have such amount of cash with them and, because of the time and distance from their home, knew they could not secure such amount.

"(h) By subsequently representing to plaintiffs that he was charging the bill on their Standard Oil Credit card, knowing full well that the credit extended was from another company with which plaintiffs had never done business."

On their appeal, appellants contend that the allegations that the defendants kept their auto on the lift, coupled with the threats of arrest, were sufficient to constitute a charge of false imprisonment. Respondents, on the other hand, contend that the petition does not allege that by reason of the fact that their car was kept on the lift and the fact of the threat of arrest unless the contested bill was paid, the plaintiffs were confined on the defendants' premises against their will. According to the defendants, the only allegation of confinement is the conclusionary statement that they were permitted to depart upon paying the disputed bill "after having been falsely imprisoned against their will in spite of their repeated requests to defendant Claude Parrish over a period of time in excess of three hours that they be permitted to take their car and leave."

■ The essence of the wrong of false imprisonment is the confinement, without legal justification, by the wrongdoer of the person wronged. State ex rel. Patterson v. Collins, Mo.App., 172 S.W.2d 284, 290 [10, 11]; Engelbrecht v. Roworth, 236 Mo.App. 459, 157 S.W.2d 242, 245 [1]; Restatement of Torts (2d), § 35, p. 52. The petition here does not allege acts showing that the defendants confined the plaintiffs. It does allege facts from which it obviously follows that the defendants temporarily deprived the plaintiffs of the means of departing from defendants' premises in the manner in which plaintiffs arrived. However, there is no allegation that defendant Claude Parrish commanded the plaintiffs to remain on the defendants' premises or that they were restrained from leaving the premises by physical barriers, physical force, threats of physical force or duress. The petition alleges threats of arrest if a disputed bill

was not paid, not that such threats were directed at plaintiffs' departure from the premises.

■ The petition alleges no facts showing that plaintiffs were not free to leave the defendants' place of business. Plaintiffs assert that they had been deprived of the only reasonable means of returning to their residence, 40 miles away. However, insofar as appears from the petition, they were at liberty, for example, to invoke the assistance of the police department in obtaining the return of their auto, to call upon friends to return them to their residence, to seek public transportation, or to do anything which they might have chosen except drive their auto home. In other words, the petition does not allege facts showing that the plaintiffs were compelled to remain where they did not wish to remain.

We find no quarrel with the abstract principles of law, relied upon by appellants, taken from numerous false imprisonment cases in this state. The difficulty is that their petition was required to allege facts which would invoke the application of such principles, and it failed to do so. For example, appellants rely upon statements found in Titus v. Montgomery Ward & Co., 232 Mo.App. 987, 123 S.W.2d 574, 578, particularly the quotation there found: " 'To tell one on a ferry that he shall not leave it until a certain demand is paid, is an imprisonment if one submits through fear, though the person is not touched, and no actual violence offered.' Cooley on Torts, 170."

The difficulty with the application of such an analogy in the case is that plaintiffs did not allege that defendant Claude Parrish told them that they "shall not leave" until the disputed bill was paid.

Nor can we agree that the cases of Griffin v. Clark, 55 Idaho 364, 42 P.2d 297, and Cordell v. Standard Oil Co., 131 Kan. 221, 289 P. 472, aid the appellants here. Griffin v. Clark, supra, was not an action for false imprisonment. The issue of false imprisonment was in the case as bearing on

the issue of joint venture for purpose of liability for negligence. The court did discuss the false imprisonment issue at length. However, plaintiff's testimony in that case that defendant took her suitcase from the train as it was leaving and placed it in his auto was sufficient, considered with the circumstances and plaintiff's testimony that she got in the car unwillingly, to support a finding that she then traveled in the auto against her will. Again, plaintiffs here did not allege facts showing that they were required to remain at defendants' place of business against their will.

In Cordell v. Standard Oil Co., supra, the filling station attendant did render the plaintiff's automobile inoperable by drawing the water from the radiator. He did so on the suspicion that the plaintiff was a member of an outlaw gang. The attendant told the driver to remain at the station until the police arrived and he did call the police, who arrived and interrogated plaintiff for some time. There, the evidence showed an intention to restrain plaintiff, action taken in furtherance of such intention, and the restraint of plaintiff by such activity. Again, the petition here does not allege similar facts.

The appellants allege that the trial court erroneously dismissed Count II of their petition: "Because Missouri recognizes that recovery may be had for mental distress even though unaccompanied by an independent intentional tort (such as false imprisonment) and even though no physical injury occurs, where, as in the case at bar, defendants' acts were intentional, willful, and accompanied by circumstances of inhumanity, oppression, humiliation and embarrassment."

█ In the recent cases of Pretsky v. Southwestern Bell Telephone Company, Mo.Sup., 396 S.W.2d 566, and Nelson v. Grice, Mo.Sup., 411 S.W.2d 117, this court has accepted the Restatement's view that a right of action does exist for damages for severe emotional distress, intentionally and recklessly caused, by "extreme and outrageous conduct." 1 Restatement of Torts (2d) § 46, p. 71.

█ Both of the cited cases quote at length from the Restatement's comment on the type of conduct which will give rise to such liability. Essentially the conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement, § 46, p. 73.

In Pretsky, the court held that the petition there failed to state a cause of action under the Restatement rule. In Nelson, the evidence was found insufficient to support a claim on such basis, primarily on the grounds that the conduct of the defendants was not shown to have been related to plaintiff's emotional distress.

██ In passing upon the sufficiency of plaintiffs' petition here, we must consider the truth of the facts therein alleged, give them a liberal construction and give plaintiffs the benefit of all fair implications from such facts. Mathews v. Pratt, Mo.Sup., 367 S.W.2d 632, 634 [1–3]. Assuming that plaintiffs' case shows that, in order to enforce payment of a bill which was not in fact owed by plaintiffs, the defendant Parrish sequestered their auto for some three hours, during which time he publicly berated and threatened plaintiffs, knowing that Gaynelle Warrem was not well and was recuperating from an extended illness, and that he permitted plaintiffs to leave in their auto only after the bill had been paid and that plaintiffs were intentionally caused to suffer severe emotional distress by reason of the conduct of defendant Parrish, we will not say, as a matter of law, that a jury might not find his conduct outrageous. The conduct charged to defendant Parrish in this case is not far different from that charged to the collection agent in Biederman's of Springfield, Inc. v. Wright, Mo. Sup., 322 S.W.2d 892. There a counterclaim charging that the collector, in a loud

voice, at a debtor's place of employment, charged the debtor with being a "dead beat" who did not intend to pay for furniture when it was purchased, accompanied by threats to get the debtor and her husband fired, was held to state a cause of action, based upon invasion of the right of privacy. The court indicated that the allegations there might have been sufficient to state a claim under the theory here urged. 322 S.W.2d 898. As noted by Prosser on Torts (3rd ed.), § 11, p. 49, the theory of liability for extremely outrageous conduct causing emotional distress "has been used as a potent counter-weapon against the more outrageous high-pressure methods of collection agents and other creditors." If the facts here alleged are true, reasonable men might well consider defendant Claude Parrish's conduct of such an extreme and outrageous nature as will render him liable for extreme emotional distress intentionally caused thereby.

We also note that, although plaintiffs do not rely on such theory, the petition here might be considered to state a cause of action for trespass to personal property, accompanied by such circumstances of inhumanity, oppression, humiliation and embarrassment as will render defendants liable for emotional distress, in the absence of physical injury. See Smith v. Aldridge, Mo.App., 356 S.W.2d 532; Phillips v. Cordes Towing Service, Inc., 50 Wash.2d 545, 313 P.2d 377, 378 [1].

The judgment is affirmed as to Count I of plaintiffs' petition. As to Count II, the judgment of dismissal is reversed and the cause remanded.

HOUSER, C., concurs as to Count I; dubitante as to Count II.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.